THOMAS F. DURHAM v. GEORGE W. MOORE.

JUDGMENT, VACATING — *Meritorious Defense.*   Where a defendant ap-
plies, under § 77 of the code, to have a judgment rendered upon serv-
ice by publication opened up, and asks to be let in to defend, he
must bring himself clearly within the provisions of the statute.  If
the answer filed fails to show a meritorious defense, it is not error
for the court to overrule such application.

*Error from Johnson District Court.*

THE opinion contains a sufficient statement of the case.

*I. O. Pickering,* for plaintiff in error.
*John T. Little,* for defendant in error.

Opinion by GREEN, C.: George W. Moore brought an ac-
tion against Thomas F. Durham in the district court of John-
son county to foreclose a mortgage given to secure two
promissory notes.  Service was made upon the defendant by
publication.  At the September term of the court, 1888, the
service by publication was approved by the court, and a find-
ing was made of the amount due, and the mortgaged prem-
ises were ordered sold in six months, under a special execution.
The mortgaged premises were sold on the 22d day of April,
1889, and the sale was afterward confirmed by the court.  On
the 18th day of July, 1889, Thomas F. Durham made a
special appearance and filed a motion to set aside the sale and
the order confirming the same, for the reason that the court
had no jurisdiction either of the person of the defendant or
the subject-matter of the action.  Four days thereafter the
plaintiff filed a motion asking for a *nunc pro tunc* order, cor-
recting the judgment so as to show that the land was to be
sold without appraisement.  On August 30th following Dur-
ham appeared specially, and moved to strike the last motion
from the files because the court had no jurisdiction to hear
and determine the matter.  The court sustained the motion of
Durham to set aside the sale and the order confirming the

same, and also overruled the motion of Durham to strike the motion of Moore to correct the record from the files. This motion was afterward sustained, and the record corrected so as to show that the mortgaged premises were to be sold without appraisement. On the 10th day of September, 1889, Durham gave notice, filed his affidavit and offer to pay costs, verified answer, and motion to open up the judgment and be let in to defend, under § 77 of the code. The motion was overruled, and this action of the court is assigned as error.

The plaintiff in error attacks the sufficiency of the petition and the findings and order of the court in the first instance. Under an application to open up a judgment, we do not understand that a defendant is in a position to attack the regularity of the proceedings. He asks to have the judgment opened up which had been rendered against him upon service by publication. Now, it would hardly be in consonance with good reason for the defendant to say that the judgment he asked to have opened up was not a judgment, or that no judgment was ever rendered, and all of the proceedings of the court were an absolute nullity. The plaintiff in error calls the record he wishes to have opened up a judgment, and he cannot now be heard to say that it is void. This attack comes too late. It is urged that, because the court below had notice of the application to open up the judgment, the defendant had filed the affidavit required by law and offered to pay the costs, if the court required him to pay them, and had filed an answer, it erred in refusing to open up the judgment. To support the contention of the plaintiff in error, there seems to be one essential finding lacking. The court does not find that he filed a full answer to the petition of the plaintiff. This is one of the necessary requirements of the statute; and we understand "a full answer" to mean, not wanting in any essential requisite; a meritorious answer. The answer filed fails to show a complete defense to the petition. The defendant first denied the allegations of the petition not admitted. He then says:

"Defendant, for further answer and defense to plaintiff's petition, states that no notes or copies of notes and no mort-

gage or copy of mortgage is attached to the plaintiff's petition . at the time of filing this answer. He, therefore, denies that he executed or delivered to plaintiff any notes or copies of notes or any mortgage or copy of mortgage which are attached to said petition.

"For further answer and defense to plaintiff's petition, defendant says, that on the 22d day of April, 1889, the notes referred to in said petition amounted to, principal and interest, the sum of $6,523.14; that costs have been taxed in said cause at $58.20, making a total sum of $6,571.34; that on said date there was a pretended sale of real estate, made under a special execution therefor, issued in said cause, and said real estate was sold to the plaintiff at and for the price and sum of $3,000, leaving a balance of said notes in the sum of $3,571.34; that immediately after said sale, and on the 23d day of April, 1889, the said George W. Moore sold, assigned and transferred said notes to one Allen Moore, who is now and has ever since been the owner and holder of said notes; and so this defendant denies that he is indebted to said plaintiff, as alleged in his petition."

It is obvious, from a reading of this answer, that the defendant did not comply with the statute. He says that on the 22d day of April, 1889, the notes referred to in the petition amounted to the sum of $6,523.14. What notes? He must have had in mind some notes which he had executed. Yet because these notes had been detached from the petition long after the suit had been brought and judgment had been rendered, he saw fit to deny that he ever executed any notes which were *then* attached to the petition.

We do not think the plaintiff in error brought himself clearly within the provisions of § 77 of the code, and the district court committed no error in overruling his application to open up the judgment.

We recommend that the order of the court refusing the application be approved.

By the Court: It is so ordered.

All the Justices concurring.