E. N. Morrill and C. H. Janes, *Partners, &c.,* v.
Elizabeth Seip, *et al.*

Interlocutory Order, *Waiver of Error in.* A district judge, having the
parties to a judgment of foreclosure before him, upon an application
made at chambers to open the judgment at the instance of defendants,
who were non-residents of the state and had been constructively sum-
moned, refused on objection of the plaintiffs to hear and determine such
application, but ordered all proceedings under the judgment to be stayed
until the next term of the court, on condition that defendants pay costs
of advertisement of notice of sale, then being published, and execute a
bond before the ensuing term of court, with security, to pay all costs.
*Held,* That the want of a formal written motion to stay or suspend the
judgment, is no sufficient reason for setting aside the order. *And held,
further,* That the judge ought to have required the bond to be condi-
tioned to pay all damages; but as plaintiff took no exception to this
order, and did not call the attention of the judge to § 573 of the code,
all errors in the terms of the order and bond were thereby waived. At
most, there was a mere irregularity in the order, which did not affect
the substantial rights of the party complaining.

*Error from Brown District Court.*

The nature of this action, and the facts, sufficiently appear
in the opinion. December 24, 1880, the district judge, at
chambers, made a certain interlocutory order in favor of
*Elizabeth Seip* and *Anna M. Seip,* which order *Morrill &
Janes* have brought here for review.

*C. W. Johnson,* for plaintiffs in error.

The opinion of the court was delivered by

Horton, C. J.: On April 8, 1880, plaintiffs commenced
their action in the district court of Brown county against
Quintus S. Seip, and Elizabeth and Anna M. Seip, children
and heirs-at-law of Francis Seip, deceased, to recover upon
certain promissory notes executed by Quintus S. Seip and
Francis Seip, and to foreclose a mortgage given by Francis
Seip to secure the payment of the promissory notes. The
defendants being non-residents of the state of Kansas, service

was made by publication. At the September term of the court for 1880, judgment was entered as prayed for in the petition. On November 25, 1880, the sheriff of Brown county gave notice that on the 31st day of December, 1880, he would sell, under the judgment and order of sale issued in such case, the property described in the petition, to satisfy the judgment. On the 24th day of December, 1880, Elizabeth Seip and Anna M. Seip, the children of the said Francis Seip, deceased, served notice upon the attorney of plaintiffs that they would apply to the district judge, at the city of Atchison, on Friday, the 24th day of December, 1880, at ten o'clock A. M., to have the judgment entered at the September term, 1880, in the action, opened, and the said parties let in to defend. Upon the hearing, the defendants appeared by their attorney, W. W. Guthrie, who objected to the hearing or to any action had, for want of power in the judge at chambers to hear or determine the application. The judge thereupon held he could not hear the motion, but it appearing that an answer had been filed by the parties, and that such motion would stand for hearing at the February term for 1881 of the Brown county district court, he ordered the sale advertised, to be suspended and stayed; that no sale of the premises set forth in the decree be had until the hearing of the application or motion at the following February term. The defendants were required to pay the costs of the publication of the notice of sale, and to give bond, with security in the sum of $300, before February 1st, 1881, conditioned to pay all costs which might accrue in the case if the judgment as originally rendered was sustained or not materially modified. No exceptions were taken to this order, and we perceive no material error in the record. Sec. 77 of the code permits parties constructively served to be let in to defend; and § 568 of the code provides:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made; . . . *Second*, by a new trial granted in proceedings against defendants constructively summoned as provided in section seventy-two."

Sec. 573 of the code further provides:

"The party seeking to vacate or modify a judgment or order, may obtain an order suspending proceedings on the whole, or part thereof; which order may be granted by the court, or any judge thereof, upon its being rendered probable by affidavit, or by exhibition of the record, that the party is entitled to have such judgment or order vacated or modified. On the granting of any such order, the court or judge may require the party obtaining any such order to enter into an undertaking to the adverse party to pay all damages that may be caused by granting of the same."

The judge ought perhaps to have required a bond for the payment of all damages, instead of one for the payment of costs, but as both parties were present, and as no exceptions were taken, nor was the attention of the judge directed to the words of § 573, we think the error was waived. At least, the error or irregularity in the order did not affect the substantial rights of the party complaining. The order was to be continued for less than two months; was merely to suspend the proceedings under the judgment, until a hearing could be had upon an application to open the same, and the conditions attached to the order were sufficient, although somewhat irregular, to secure the rights of all parties. Having the parties before him, sufficient appears by the record and affidavits, on the application to open the judgment, to authorize the order granting the stay of proceedings until the next term of the court was held, and the parties had an opportunity to present their application at court. (*Downing v. Reeves*, 24 Kas. 167.)

The order of the district judge will be affirmed.

All the Justices concurring.