JULIETTE U. LONG *et al.* v. J. O. FIFE.

PUBLICATION — *Affidavit, Not Void — Amendment.* Where an affidavit for publication inferentially, but insufficiently, sets forth a material fact which ought to be expressly stated, the affidavit, if otherwise good, will be held to be merely voidable, and if the fact inferentially and insufficiently stated was in existence at the commencement of the action, the trial court, even after judgment, may allow the affidavit to be amended concerning the matter so inferentially and insufficiently stated, and the affidavit so amended will relate back to the commencement of the action.

*Error from Wyandotte District Court.*

THE case is stated in the opinion.

*H. M. Merriwether*, for plaintiffs in error.

*John A. Hale*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the first day of September, 1886, J. O. Fife filed a petition in the district court of Wyandotte county, asking judgment against Mrs. M. A. Hays, for $100 for attorney's fees. A summons was issued on the same day, and returned on the third day of September, 1886, "not found." On the same day on which the petition was filed, an affidavit

for publication was filed in the clerk's office of the court, which, omitting caption, is in words and figures as follows:

"J. O. FIFE, *Plaintiff*, v. MRS. M. A. HAYS, *Defendant*. —J. O. Fife, of lawful age, being by me first duly sworn according to law, upon his oath says, that he is the plaintiff in the above-entitled cause; that defendant is the owner of lot number 6, in block 79, and lot number 42, in block 49, in the old city of Wyandotte, now Kansas City, Wyandotte county, Kansas; that this suit is brought for the purpose of recovering the sum of $100 due affiant from defendant above named; that defendant is a non-resident of the state of Kansas, and that service of summons cannot be made on said defendant within the state of Kansas.      J. O. FIFE.

"Subscribed and sworn to before me this 1st day of September, 1886.      L. C. TRICKEY, *Clerk District Court.*"

On the same day on which the petition was filed, an attachment affidavit was filed, and on the 3d day of September, 1886, the real estate mentioned was attached, pursuant to the affidavit and the order issued thereon. Proceeding upon the affidavit, publication was made and filed on January 8, 1887. The publication notice, which was published for a sufficient time in the Wyandotte *Gazette,* a weekly newspaper of general circulation in Wyandotte county, Kansas, omitting caption, was as follows:

"M. A. Hays, defendant above named, will take notice that she has been sued in the district court of Wyandotte county, Kansas, by J. O. Fife, plaintiff above named, for the sum of $100, and interest thereon at the rate of 7 per cent. per annum from April 1, 1885, and that defendant must answer plaintiff's petition on or before the 25th day of October, 1886, or said petition will be taken as true, and judgment rendered in favor of plaintiff against defendant for said sum and costs, and that lot 42, in block 49, and lot 6, in block 79, all in Wyandotte, now part of Kansas City, Wyandotte county, Kansas, the property of defendant, and heretofore by the sheriff of Wyandotte county attached, will be sold, and the proceeds thereof applied toward the payment of said judgment and costs.      (Signed)      J. O. FIFE, *Plaintiff,*
By JAS. F. GETTY, *Att'y for Plaintiff.*"

On the 19th day of January, 1887, the defendant failing to

appear, judgment was rendered for plaintiff in the usual form, and on the 31st day of May, 1887, the sheriff of the county sold the real estate to James Birmingham. On the 6th day of June, 1887, the sheriff's deed was executed, and the same was filed for record in the office of the register of deeds of the county of Wyandotte on the 13th of June, 1887. On the 28th day of December, 1886, the real estate in question was sold by Mrs. M. A. Hays and husband to Wingate Jackson. The deed was recorded December 30, 1886. On the 6th day of June, 1887, Jackson sold lot 6, block 79, to H. M. Merriwether, which deed was recorded June 11, 1887, and on June 9, 1887, Merriwether sold lot 6, block 79, to Juliette U. Long. This deed was recorded June 11, 1887. On the 21st day of September, 1887, Wingate Jackson and Juliette U. Long filed their motion to vacate and set aside the judgment, on the ground that the affidavit for publication was essentially defective; that the publication of notice was therefore void; that no other service was had; that defendant did not appear or in any manner waive service, and that consequently the judgment was absolutely void for want of jurisdiction. The district court allowed Fife to file an amended affidavit for publication, on the ground that the affidavit for publication was not void, but voidable only. Thereupon, with leave of the court, an amended affidavit for publication, fully sufficient, was filed. Jackson and Long excepted, and bring the case here.

This court has already decided that if the jurisdictional facts necessary to warrant service upon a defendant by publication were in existence at the commencement of the action, and the affidavit for publication is defective only and not voidable, the court, after judgment, may permit an amended affidavit for publication to be filed, and such affidavit when filed gives jurisdiction to the court and relates back to the time of the commencement of the action. (*Pierce v. Butters*, 21 Kas. 124; *Wilkins v. Tourtellott*, 28 id. 833; *Harrison v. Board*, 30 id. 532.)

The affidavit for publication should have stated that the

case commenced in the district court was one of those mentioned in § 72 of the civil code.

"The rule is, if there is a total want of evidence upon a vital point in the affidavit, the court acquires no jurisdiction by publication of the summons; but where there is not an entire omission to state some material fact, but it is inferentially or insufficiently set forth, the proceedings are merely voidable." (*Harris v. Claflin*, 36 Kas. 543.)

The affidavit for publication stated that Mrs. M. A. Hays, the defendant, was a non-resident of the state of Kansas; that service of summons could not be made upon her within the state; that the action was brought for the purpose of recovering from her the sum of $100 due to the plaintiff, and also set forth a full description of the real estate owned by her in the the city of Wyandotte, now Kansas City. This was the property that was attached, and which was subsequently sold to pay the judgment. The fair inference from the affidavit is, that the real estate described was sought to be taken, or appropriated, for the debt owing from Mrs. Hays; at least, we do not think the omission in the affidavit so vital, in view of what the affidavit did contain, as to render the proceedings void. Therefore, our conclusion is, that the court did not err in permitting the amended affidavit to be made and filed.

This case differs from *Harris v. Claflin*, supra, in which case Mr. Justice JOHNSTON dissented. In that case, nothing was stated in the affidavit for publication about the action being one of those mentioned in § 72 of the civil code, no real estate was described or referred to, and no debt was alleged as being owed from the defendant to the plaintiff or to anyone else.

The judgment of the district court will be affirmed.

All the Justices concurring.