FRED L. MORRIS, *Appellee,* v. H. E. ROBBINS, *Appellant,* and GEORGE J. DOWNER *et al., Appellees.*

No. 16,667.

SYLLABUS BY THE COURT.

1. PUBLICATION SERVICE—*Sufficiency of Affidavit.* An affidavit to obtain service by publication which inferentially states all the material facts required by statute is not void but is at most only voidable.

2. ——— *Correction of Affidavit after Judgment.* Such an affidavit, if voidable, may, by leave of court, be corrected after judgment by another affidavit showing that the requisite facts existed at the time of filing the original affidavit.

3. JUDGMENTS—*Validity—Collateral Attack.* A judgment which is not void but only voidable can not be successfully attacked in a collateral proceeding.

Appeal from Hamilton district court. Opinion filed November 5, 1910. Reversed.

*George Getty,* for the appellant.

*Bennett R. Wheeler,* and *John F. Switzer,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: In September, 1906, Fred L. Morris filed his petition in the district court of Hamilton county against John E. Miller, W. H. Burks, T. F. Shinkle, R. F. Evans, Lee S. Chaney, James L. Emerick and George J. Downer. The action was to foreclose a mortgage on certain land of which Chaney claimed to be the owner at the time. During the pendency of the suit the appellant purchased the land of Chaney, and on her motion was substituted as a party defendant in his stead. The note and mortgage sued on were executed by John E. Miller, in May, 1889, to the Southern Kansas Mortgage Company. Prior to the commencement of the suit Morris succeeded to the rights of the mortgage company, and to avoid the statute of limitations alleged that the maker had been absent from the state of Kansas ever since the maturity of the note. Upon being made a party defendant the appellant filed her answer, and, after pleading the statute of limitations, alleged that the land had been conveyed by a tax deed executed by the county clerk of the county to defendant Burks, which was recorded August 28, 1895, and that she had succeeded to the title of Burks; that on May 16, 1902, the county clerk of the county had executed a tax deed to the land to defendants Shinkle and Evans, which deed was filed for record May 19, 1902; that on September 27, 1902, the district court of Hamilton county rendered a judgment in an action wherein Shinkle and Evans were plaintiffs and the Southern Kansas Mortgage Company, John E. Miller and all those under whom Morris claims were defendants; that by that judgment the title to the land was quieted and confirmed in Shinkle and Evans, and that by a chain of conveyances by warranty deeds the title to the land had passed from Shinkle and Evans to the appellant.

Thereafter Morris filed a reply to such answer, which

reply contained a general denial, and alleged that the judgment relied upon as a defense was void for the reason that the court had no jurisdiction to render it against the Southern Kansas Mortgage Company; that the only service had upon the company was by publication, and no affidavit was filed as required by statute upon which to base the publication; and that the mortgage company was the record owner of the mortgage when the judgment was entered. The reply also attacked the validity of both of the tax deeds, setting forth various alleged defects therein and in the tax proceedings leading up to the execution of the deeds.

If the judgment quieting title was, as we have concluded, valid, it concludes the determination of this case, and it will be unnecessary for us to consider whether the tax deeds were valid or not.

The case was tried February 9, 1909, and at the conclusion of the trial judgment was rendered foreclosing the appellee's mortgage in the sum of $1000, and a lien for taxes paid was allowed. A motion for a new trial was filed by the appellant and denied by the court.

In the action in which judgment quieting the title in Shinkle and Evans was rendered the mortgage company did not appear, and no question is raised as to the sufficiency of the published notice. The question to be determined is whether the affidavit to obtain service by publication was sufficient. At that time section 73 of the old code was in force. The affidavit for publication was introduced in evidence, and, omitting the formal parts, the portion objected to is as follows:

"Affiant further says, that the said defendants, Mabel Ebert and J. R. Ebert, her husband; . . . W. H. Burks and ——— Burks, his wife, whose first name is unknown; . . . John E. Miller; Thomas B. Brown and ——— Brown, his wife, whose first name is unknown; . . . and each of them are nonresidents of the state of Kansas, and that service of a summons can not be made on the said defendants, the Southern Kan-

sas Mortgage Company, a corporation; . . . or either of them within the state of Kansas, and that said plaintiff wishes to obtain a service on said defendants by publication; and further affiant sayeth not."

The sufficiency of the affidavit in other respects was not questioned, namely, that the plaintiffs were the owners of the land described, that the defendants claimed some title therein adverse to the plaintiffs, and that the action was brought to quiet their title thereto.

About four years after the rendition of the judgment in the action to quiet title an amended affidavit to obtain service by publication was filed by leave of the court. This affidavit was made by the same affiant who made the previous affidavit, and the sufficiency of the amended affidavit is not questioned, except as to the following portions thereof:

"Affiant further says that the said defendants, Mabel Ebert and J. R. Ebert, her husband; . . . W. H. Burks and —————— Burks, his wife, whose first name is unknown; . . . John E. Miller; Thomas B. Brown and —————— Brown, his wife, whose first name is unknown; . . . and each of them are nonresidents of the state of Kansas, and that personal service of summons can not be had on the said defendants within the state of Kansas; . . . that the Southern Kansas Mortgage Company . . . are domestic corporations which have not been legally dissolved and their officers have departed from the state or can not be found, and that said plaintiff wishes to obtain a service by publication on all of said defendants above named.

"Affiant further says that the facts stated in this amended affidavit were true at the time of the verification and filing of the original affidavit on June 11, 1902; further the affiant sayeth not."

The sufficiency of the pleading, or of the published notice, or of the judgment rendered, is not attacked, provided the affidavit and the amended affidavit for publication are sufficient to authorize service by publication. The entire record in the case was introduced in evidence.

One of the defects urged as to both affidavits is that the words "with due diligence" are omitted from the statement that the plaintiffs were unable to make service of summons upon the defendants; also, that in the first affidavit there is no evidence that the statutory provision applied to the Southern Kansas Mortgage Company, the provision being:

"This act shall apply to domestic corporations which have not been legally dissolved in cases where the officers thereof have departed from the state or can not be found."

The statute in force at the time of the beginning of that action, and also at the time of the making of the amended affidavit, was section 73 of the old code, which reads as follows:

"Before service can be made by publication, an affidavit must be filed stating that the defendant or defendants are nonresidents of the state of Kansas, and that personal service of summons can not be had upon said defendant or defendants within the state of Kansas, or that the plaintiff with due diligence is unable to make personal service of summons upon the defendant or defendants to be served by publication within the state, and showing that the case is one of those mentioned in the preceding section. When such affidavit is filed, the party may proceed to make service by publication. This act shall apply to domestic corporations which have not been legally dissolved in cases where the officers thereof have departed from the state or can not be found."

It will be observed that the statute requires a statement that the defendant or defendants are nonresidents of the state of Kansas, and that personal service of summons can not be had upon such defendant or defendants within the state of Kansas, or that the plaintiff with due diligence is unable to make personal service upon the defendant or defendants to be served within the state. It will also be observed that under this provision two conditions are provided for—one where the defendant is a nonresident of the state, and

it is there sufficient to state that service of summons can not be had upon him within the state; and the other, where there is no statement that the defendant is a nonresident of the state, the statement is required that the plaintiff "with due diligence" is unable to make service of summons upon him within the state. The first requirement was fully met in the first affidavit for publication as to the individuals named; but as to the mortgage company there was no statement that it was a nonresident of the state, but the statement "that service can not be made on the said defendants [the defendants named], the Southern Kansas Mortgage Company, a corporation, . . . or either of them within the state of Kansas," applies to all of the defendants. Is this statement in the affidavit that service can not be made upon the mortgage company equivalent to saying, or does it inferentially say, that the plaintiff with due diligence is unable to make personal service of summons, etc.? We think so, and that it is even stronger.

Prior to the act of 1889, post, the statute required an affidavit that the plaintiff was unable to make service of summons in the state of Kansas upon the defendant or defendants to be served by publication. In 1889, as we understand, it was desired to modify the statement to provide for the service of defendants within the state who were avoiding the service of summons, and for this purpose the legislature passed chapter 107 of the Laws of 1889. By chapter 79 of the Laws of 1891 section 73 of the code was again amended to read as quoted above.

In *Harris v. Claflin,* 36 Kan. 543, it was said in the syllabus:

"If there is a total want of evidence upon a vital point in the affidavit for publication, the court acquires no jurisdiction by publication of the summons; but where there is not an entire omission to state some material fact, but it is inferentially or insufficiently set forth, the proceedings are merely voidable."

It is easy to imagine conditions where it would be

Morris v. Robbins.

quite possible to serve a summons personally upon the defendant within the state and yet a plaintiff might truthfully testify that with due diligence he was unable· to make personal service, etc. The defendant may be in the state and thus liable to be served, but the plaintiff or· the officers might not, after extraordinary effort so to· do, be able to find him. Hence we say that the statement in the affidavit is stronger than a statement that the plaintiff could not "with due diligence" make service of a summons upon the corporation in the state. It is more; it is in effect a statement that personal service in the state was impossible.

To avoid requiring an affidavit which the affiant could not know to be literally true, and to permit service by publication when the plaintiff could neither testify that the defendant was a nonresident of the state nor that personal service of a summons could not be made upon him in the state, the amendments. (Laws 1889, ch. 107, and Laws 1891, ch. 79) were adopted. Under these provisions the affidavit need only state that the plaintiff "with due diligence" is unable to obtain personal service, etc. That this is the proper construction of the law and the correct history of the development of the statute is verified by the more specific and ample provisions of the new code. (Code 1909, § 79.)

It will also be noticed that the statute in question prescribes what is required in an affidavit for publication, and then provides that when such affidavit has been filed ·the party may proceed to make service by publication. Then follows the statement that the act shall apply to domestic corporations which have not been. legally dissolved, in cases where the officers thereof have departed from the state and can not be found. This provision is not only not required to be set forth in the affidavit, but it is by express terms said that the party may proceed to make service without it. The facts set forth in the last provision quoted must exist as to domestic corpora-

tions, but they need not be set forth in the affidavit required before publication. In this case the facts required were shown by the amended affidavit, filed by leave of court, to exist at and before the time of the publication. This procedure has been approved in *Pierce v. Butters,* 21 Kan. 124, *Harrison v. Beard,* 30 Kan. 532, and *Long v. Fife,* 45 Kan. 271. However this may be, all the facts requisite to be stated in an affidavit before publication are at least inferentially stated in the first affidavit, and, therefore, the proceedings are, at most, merely voidable. (*Harris v. Claflin,* 36 Kan. 543.) Even if voidable, the proceedings can not be attacked collaterally; but to justify a collateral attack, as the attack is in this case, the proceedings must be absolutely void.

There was, of course, no conflict in the evidence as to the record of the judgment in the action to quiet title, and the judgment expressly quieted the title in the plaintiffs in that case against this mortgage, which was then held by the mortgage company; and, the judgment being valid, as we have found, the plaintiff in this case has no cause of action, and the defense to the alleged cause of action was fully sustained by the evidence.

The judgment is therefore reversed and the case is remanded, with instructions to render judgment in favor of the appellant as prayed for.