M. C. ROSENFIELD, *Appellant*, v. M. J. CUNNINGHAM
*et al., Appellees.*

No. 17,710.

SYLLABUS BY THE COURT.

REDEMPTION—*Property Sold Under Execution—Abandonment—
Evidence.* In determining whether property sold upon execution has been abandoned or is not occupied in good faith cases may arise where the court should consider, with the other circumstances, the failure of the owner to pay taxes or to keep the property insured, but it cannot be said that the failure to do either or both compels such a finding, which is necessary before the court has power to shorten the period of redemption. (Civ. Code, § 476.)

Appeal from Leavenworth district court. Opinion filed November 11, 1911. Affirmed.

*Floyd E. Harper*, for the appellant.

*F. P. Fitzwilliam*, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The plaintiff appeals from an order denying his motion to have the court fix the period of redemption from a sale of real estate upon a judgment of foreclosure at six months from the date of sale. In denying the motion the court made a finding that the real estate, which consists of business property known as the People's Theatre, in the city of Leavenworth, had not been abandoned, but was occupied in good faith by F. P. Fitzwilliam under a sheriff's deed issued upon a sale on execution. Plaintiff offered no evidence except to show that Fitzwilliam had not paid the taxes and had not insured the property. Fitzwilliam testified that when he entered into possession there were no taxes due; that the same had been paid by a receiver of the court. The plaintiff's contention is narrowed to the claim that the court should have found that Fitzwilliam was not occupying the property in good faith

because of his failure to keep the same insured, and it is urged that plaintiff's mortgage contained a provision that the owner should keep the property insured for the benefit of the mortgagee; that the failure of Fitzwilliam to insure constituted a breach of the mortgage. The mortgage, however, was merged in the judgment and is no longer in force.. None of its provisions affects the judgment. The terms of the note control the rate of interest which the judgment bears, but only by reason of the statutory provision to that effect. In determining whether property sold upon execution has been abandoned or is not occupied in good faith cases may arise where the court should consider, with the other circumstances, the failure of the owner to pay taxes or to keep the property insured, but it cannot be said that the failure to do either or both compels such a finding, which is necessary before the court has power to shorten the period of redemption. (Civ. Code, § 476.) The fact that Fitzwilliam bid only thirty-two dollars at the sale upon which his deed is based does not affect the character of his occupancy. It appears that the judgment under which Fitzwilliam bought amounted to several hundred dollars. Regardless of the amount of his bid, he acquired the legal title upon the issuance of his deed and became entitled to the same right of redemption and possession as the former owner, who was the defendant in the execution. (Civ. Code, § 493.)

No reason appears for disturbing the order of the trial court and the judgment is affirmed.