DAVID TAYLOR, *Appellant,* V. CHARLES P. WOODBURY *et al.* (ESTHER A. STUBBS *et al., Appellees*).

No. 17,350.

#### SYLLABUS BY THE COURT.

1. OPENING UP JUDGMENT—*Notice by Registered Mail.* Service of a notice of an application to open a judgment under section 83 of the civil code may be by registered letter mailed to plaintiff's attorney of record, and his signature on the return card acknowledging receipt thereof will be considered *prima facie* proof of such service.

2. ———— *Power of District Judge at Chambers.* The district judge at chambers has power to hear and determine an application under the provisions of section 83 of the civil code to open a judgment and permit the defendant to answer.

Appeal from Clark district court. Opinion filed January 6, 1912. Affirmed.

*Frank L. Martin,* for the appellant.
*W. W. Harvey,* for the appellees.

The opinion of the court was delivered by

PORTER, J.: The judge, at chambers, in Meade county, upon the application of the appellees, made an order opening a judgment rendered against them in the district court of Clark county, upon service by publication, quieting title to certain real estate. This is an appeal from an order of the district court overruling appellant's motion made at the subsequent term of court to set aside the order opening the judgment.

Taylor v. Woodbury.

The grounds of the motion are: (1) that no proper notice of the application had been served as required by law; (2) that the judge at chambers has no power to open a judgment under section 83 of the code.

The statute provides that where notice of a motion is required it must be in writing and served a reasonable time before the hearing. (Civ. Code, § 558.) It appears that the notice was served upon the attorney of record for appellant by registered mail. It necessarily must have been served by some person in the postal service. That person made no return of the service, but a return was not necessary, since appellant's attorney signed the return card and acknowledged the receipt of the letter which, it is conceded, contained the notice. The acknowledgment on the back of a summons is equivalent to service. (Civ. Code, § 68.) We think that service of a motion made in this way is not objectionable, and ought to be upheld; it is a substantial compliance with all the requirements of the code, and furnishes its own proof of the fact and character of the service.

Has the judge at chambers power to grant the application? It is true, the district judge at chambers can exercise only such powers as are conferred by law. The application to open a judgment rendered upon service by publication is nothing more than a motion. The code defines a motion as an application for an order "addressed to the court, or a judge in vacation." (Civ. Code, § 556.) An order setting aside a judgment rendered upon default and permitting the defendant to answer is not a judgment of any kind. (*McCulloch v. Dodge,* 8 Kan. 476, 478.) It is insisted that if it be held that the order is merely interlocutory, no appeal will lie from the order; but when the court finally acts upon the matter and sets aside the original judgment, if it shall decide so to do, the plaintiff may appeal from the order and have a review of any error committed in opening the judg-

ment. All that the judge at chambers does in granting the application is to make a provisional or interlocutory order permitting the defendant to set up his defense to the action. If on the final hearing the court shall decide that the defense is insufficient, no new judgment is rendered; the original judgment stands as of the date it was rendered. Moreover, if upon the rehearing the court determines that the judgment shall not be disturbed, the plaintiff has no occasion to review the order granting the application. If the court should hold the defense to the action sufficient and render judgment for the defendant, the plaintiff may then appeal and review the final judgment, as well as any interlocutory order made in the progress of the cause. While the granting of the application to open the judgment is an interlocutory order from which no appeal lies, it is doubtless true that the refusal to grant the application is appealable as a final order; although that question is not before us for decision. In the case cited by appellant, *Morrill & Janes v. Seip*, 26 Kan. 148, it seems to have been conceded by all the parties that the judge at chambers proceeded regularly by merely staying execution and leaving the allowance or refusal of the application to open the judgment to be determined by the court at a regular term. The question whether he had power at chambers to grant the application and open the judgment, so far as to let in the defendant to answer, was not raised nor considered by this court. The new code greatly extends the power of the judge at chambers. He may now at chambers hear and decide a motion for a new trial. (Civ. Code, § 306.) Irrespective of these new provisions, however, the court holds that the application to open a judgment and permit the defendant to answer, under section 83 of the code, is a motion, and therefore may be heard and decided by the judge at chambers. The rights of the plaintiff are not thereby finally determined. If

he is entitled to the judgment, it will not be disturbed. He obtained it upon constructive service only, and with full knowledge that if at any time within three years thereafter the defendant should make proper application to have it opened and to be let in to defend, it would be opened up to that extent.

The judgment of the district court overruling the motion of appellant to set aside the order made at chambers is affirmed.