No. 19,748.

HANNA A. YOUNG, *Appellant*, v. NANCY S. MARTIN et al. (RICHARD M. VANATTA, *Appellee*).

SYLLABUS BY THE COURT.

1. OPENING JUDGMENT—*Affidavit by Attorney on Information and Be- lief — Amendment.* An application to open a judgment obtained. by publication service which recites all the requisite facts prescribed by section 83 of the civil code is not void merely because the affidavit in support of such application is only verified by defendant's attorney on information and belief.

2. SAME. When such application and affidavit are filed within time to open a judgment, such affidavit may be amended or supplemented by positive verification after the time to open the judgment would other- wise have expired.

3. SAME—*Appearance by Attorney—Ratification by Client.* In the ab- sence of an issue squarely raised as to the right of an attorney to appear for a client, it is not error to exclude testimony to show such want of authority; and such an issue becomes immaterial when the client afterwards ratifies the acts of his attorney.

Appeal from Rice district court; DANIEL A. BANTA, judge. Opinion filed December 11, 1915. Affirmed.

*F. Dumont Smith,* of Hutchinson, for the appellant.

*R. C. Russell,* and *F. V. Russell,* both of Great Bend, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal chiefly presents the narrow question whether an application is sufficient to open a judgment obtained by publication service when verified by defendant's attorney "on information and belief."

The facts in brief were these: On January 12, 1910, the plaintiff brought a suit to quiet title to a quarter section of land in Rice county. Service on some of the defendants, including Richard M. Vanatta, William V. McCulley and William R. Mc-Culley, was effected by publication. On April 6, 1910, a default judgment was rendered against these defendants. On April 3, 1913, three days before this judgment became absolute, defendant Vanatta and the two McCulleys filed their application to open the judgment. Notice was served on plaintiff, and the defendants' answer was attached to the application.

To conform to the statute requiring the defendants in such case "to make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense" (Civ. Code, § 83), their attorney filed an affidavit in part as follows:

"That he is duly authorized attorney for the defendants above named; that each of the said defendants, Richard M. Vanatta, William V. Mc-Culley, and William R. McCulley, is a non-resident of the state of Kansas, and is absent from Rice county, Kansas, at the present time; that this affiant has full power to make this affidavit as attorney for the said parties; that affiant has read the above and foregoing application on behalf of the said defendants, and that the matters and things therein set forth and the allegations and averments therein contained are true, as this affiant is informed and verily believed."

When the application came on to be heard, the court took it under advisement; and thereafter the defendants, by leave of court, filed amended and supplemental affidavits sufficient in scope and form to warrant the court in granting their application if they had been filed in time. The court granted the application, and set aside the judgment as to these defendants;

but later the attorneys withdrew their appearance for the McCulleys and the judgment was reinstated as to them; and after a hearing, Richard Vanatta was adjudged to have an interest in the land in controversy.

The appellant offered to prove by defendant Richard Vanatta that he personally did not know of the pendency of the action prior to April 6, 1913, and that he had not employed or authorized any attorney to appear for him prior to that date. This proffered evidence was excluded.

In substance the errors assigned are (1) opening of the judgment on the affidavit filed by counsel "on information and belief," and (2) the exclusion of evidence.

(1) Counsel for appellant concedes that the first of these is practically the only question in the case.

It would be gratifying if we could say that the authorities and precedents on this question were clearer and more harmonious. We do find, however, a strong analogy between the present question and those which have arisen on publication service initiated on defective affidavits. Any valid judgment must be based on valid service. A valid service by publication can be based only on a positive affidavit. But this court has repeatedly held that while an affidavit for publication service, verified only "on information and belief," is invalid, it is not void, and even after judgment such defective affidavit may be amended by positive verification. (*Harrison v. Beard,* 30 Kan. 532, 2 Pac. 632; *Harris v. Claflin,* 36 Kan. 543, 13 Pac. 830; *Long v. Fife,* 45 Kan. 271, 25 Pac. 594; *Morris v. Robbins,* 83 Kan. 335, 111 Pac. 470.) These cases likewise show that mere formal defects may be corrected by amendment.

What is the purpose of affidavits to support an application to open a judgment? It is "to make it appear to the satisfaction of the court" that the defendants had no actual notice of the action in time to appear and make their defense. The important matter is the fact of their want of notice and that the court be satisfied on that point. If the affidavits recite all the necessary facts to challenge the attention and conscience of the court, it would be a hard rule to hold that because of defective verification, or verification in the only way an attorney employed by a nonresident client could verify, the chancellor should have regard to the form rather than the substance of

the plea before him. We think the analogous cases already cited must govern here. Assuming that the verification of counsel, "on information and belief" was invalid, it certainly was not void. It could be amended or supplemented by positive affidavits while the application was still pending, even though the three years had elapsed ere they were filed; and the district court did not err in opening this judgment on the showing thus made.

(2) Complaint is made because the court would not permit defendant Vanatta to be questioned by plaintiff's counsel to show that prior to April 6, 1913, he had no knowledge of the pendency of the action to quiet plaintiff's title against him, and that prior to that date he had not employed the attorney who made the affidavit in his behalf. April 6, 1913, was the date on which the three years allowed by the statute to open a judgment on publication service would expire. Vanatta's attorney had filed his application, notice and affidavit on April 3. If the court had permitted this evidence it would have been another item of testimony to show that on equitable grounds the judgment should have been opened—the matter about which plaintiff principally appeals. We search this record in vain to find that any issue was squarely raised challenging the right of counsel to appear for Vanatta. (4 Cyc. 928.) Applying the elementary rule of principal and agent, that when the principal afterwards ratifies the act of the agent and adopts it as his own, it is no concern of others that the agent's act did not in the first instance have the positive sanction of his principal. This rule is even more elastic where the principal and agent are client and attorney, for in such cases it is very common that the attorney, the agent, must act upon his own judgment, skill and learning, and depend upon his client's later acquiescence. Here defendant Vanatta was present in the court room, presumably advising with his counsel and ratifying what his counsel had already done in his behalf. (*Dresser v. Wood,* 15 Kan. 344, syl. ¶ 6; 4 Cyc. 927.)

The judgment is affirmed.