No. 20,568.

THE MURPHY MORTGAGE COMPANY, *Appellee,* v. CORNELIUS
C. EPP et al. (O. H. RHODENBAUGH, *Appellant*).

SYLLABUS BY THE COURT.

1. NONRESIDENT DEFENDANT—*Publication Service—Motion to Set Aside Judgment—Want of Actual Notice Must be Shown.* Before a nonresident defendant is entitled to have a judgment rendered against him on publication service set aside, he must make it appear to the satisfaction of the court that he did not have actual notice of the pendency of the action in time to make his defense. (Civ. Code, § 83.)

2. MORTGAGE FORECLOSURE—*Finding that Property Was Abandoned—Evidence.* Where a proceeding for the foreclosure of a mortgage and the sale of real estate thereunder is uncontested, it is merely an irregu-

larity for the court, upon the unsworn statements of plaintiff's attorney, to make a finding that the property is abandoned; and such irregularity is cured when, later, upon full and satisfactory sworn testimony, the court determines that its original finding was true and correct.

3. SAME—*Redemption—Sufficient Proof of Abandonment of Property—Six Months to Redeem.* In a sale of real estate pursuant to a decree foreclosing a mortgage thereon, when it is satisfactorily shown that the premises are unoccupied, the residence vacant, its windows broken and its foundation undermined, its arable land idle and untilled, its windmills dismantled, its barns and outbuildings collapsed and collapsing and the property not in the possession of any *bona fide* caretaker, the statute limits the owner's right of redemption to six months. (Civ. Code, § 476.)

Appeal from Harvey district court; FRANK F. PRIGG, judge. Opinion filed February 10, 1917. Affirmed.

*R. W. Hoskinson,* and *Albert Hoskinson,* both of Garden City, for the appellant.

*Carr W. Taylor,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to foreclose certain mortgages on a tract of land in Harvey county. One of the defendants, O. H. Rhodenbaugh, a citizen of Colorado, was served with summons by publication. The court decreed foreclosure and this was followed by sale and confirmation. Rhodenbaugh filed a motion to set aside the judgment and that he should be permitted to defend against the answer and cross-petition of his codefendant, C. C. Epp. He, also moved that the six months' redemption period should be extended to eighteen months on the ground that he was in possession of the premises.

Affidavits *pro* and *con* were offered on these motions and the trial court found certain facts:

"That the defendant, O. H. Rhodenbaugh, during the pendency of this action had actual notice thereof in time to appear in court and make his defense.

"That the finding and judgment made by the court at the time of the rendition of the judgment and in the order of confirmation of sale were made upon the evidence of the attorney for the plaintiff and not under oath.

"That upon the evidence submitted at this time, the judge finds that at the time of the sale of the real estate by the sheriff of Harvey County,

Kansas, and at the time of the confirmation of the sale, the lands and tenements described and involved in the action had been abandoned and were not occupied in good faith by the defendant, O. H. Rhodenbaugh."

### Certain conclusions of law were made:

"1st: That the admission of evidence upon the question of abandonment of the lands and tenements not under oath was error but did not render the finding of the court void.

"2nd: The evidence upon the present hearing sustaining the original finding, the finding will stand as made.

. . . .. . . . . . . . .. . . . .

"It is hereby considered, ordered and adjudged that the two motions of the defendant, O. H. Rhodenbaugh, herein, to wit, his motion to vacate the judgment and grant a new trial herein and his motion to amend and modify the order of confirmation of sale, be and they hereby are. overruled."

Error is assigned on the rulings of the court on these motions.

Counsel for appellant insist that he was entitled as a matter of right to have the judgment against him vacated under section 596 of the civil code, and that the trial court "evidently assumed that we were proceeding under section 77 of the old code or 83 of the new code, instead of the section [first] above quoted."

Section 596 of the code is a grant of power to the trial court to vacate or modify its judgments and orders. Before a litigant can invoke the exercise of the powers of the courts therein granted he must bring himself within the provisions of the code which cover his situation. Clearly these provisions are such as are prescribed in section 83 of the code, and the important condition in appellant's situation is that he must "make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense." The appellant did not establish this matter to the court's satisfaction. On the contrary, by sufficient evidence, the trial court's finding is that he *did* have actual notice. We see no way to disturb that finding, and it follows that there was no error in overruling his motion to vacate the judgment.

Touching the denial of appellant's motion to extend the redemption period from six to eighteen months, the statute provides:

"But where the court or judge shall find that the lands and tenements have been abandoned, or are not occupied in good faith, the period of redemption for defendant owner shall be six months from the date of sale,". etc.   (Civ. Code, § 476.)·

In the first instance, the court's finding that the property was abandoned was based upon the unsworn statements of plaintiff's attorney. The trial court conceded that this was error. It was hardly that. At most it was but an irregularity. In a certain sense a lawyer is always on oath that he "will neither do nor consent to the doing of any falsehood in court." The weight of authority is that the omission to swear a witness must be objected to at the trial. (*The State v. Hope,* 100 Mo. 347; *City of O'Neill v. Clark,* 57 Neb. 760, 764; *Moore v. State,* 96 Tenn. 209; *Goldsmith v. The State,* 32 Tex. Cr. App. 112.) If the omission is noted in time the witness may then be sworn and corroborate his previously unsworn testimony. (*Southern Railway Company v. Ellis,* 123 Ga. 614.) Here, however, the court took full precaution to avoid the consequences of even technical error by receiving other sworn evidence which established the accuracy of its first finding—that the property was abandoned at the time it decreed six months' redemption. The matter does not differ in principle from a case where the judgment is founded on a publication service based on an insufficient affidavit. Upon the later presentation of a sufficient affidavit, the judgment already rendered will stand. (*Harrison v. Beard,* 30 Kan. 532, 2 Pac. 632; *Harris v. Claflin,* 36 Kan. 543, 13 Pac. 830; *Long v. Fife,* 45 Kan. 271, 25 Pac. 594; *Morris v. Robbins,* 83 Kan. 335, 111 Pac. 470.)

The great preponderance of the evidence showed the premises to be unoccupied, the farm residence vacant and many of its windows broken and its foundation undermined, the arable land idle and untilled, the windmills dismantled, the barns and outbuildings collapsed or collapsing, and that they had no appearance of being in the possession of any *bona fide* caretaker. To meet such conditions the legislature wisely limited the redemption period to six months, and the present case was a proper one for the application of the six months' rule.

The judgment is affirmed.