No. 23,137.

Lou D. Sweet, Caroline E. Trowbridge as Administratrix, etc., et al., *Appellees*, v. Irving Hill and R. E. Protsch, *Appellants*.

### SYLLABUS BY THE COURT.

Action—*To Recover Value of Land Sold Under Wrongful Attachment— Statute of Limitations.* An action was commenced against nonresident defendants to recover on a promissory note. Land was attached, service was made by publication, and a default judgment was entered, finding the amount due on the note, and ordering the attached property sold. The property was sold, and was conveyed to a purchaser, whose title was not assailable. Subsequently, an application of the defendants to answer and to defend was allowed and, after a trial, judgment was rendered in their favor. They then sued the plaintiffs to recover the value of the land. *Held,* no cause of action for damages for taking and selling the land under attachment accrued, and the statute of limitations did not begin to run, until the attachment suit was finally determined in favor of the defendants.

Appeal from Douglas district court; Charles A. Smart, judge. Opinion filed April 9, 1921. Affirmed.

*M. A. Gorrill,* and *S. D. Bishop,* both of Lawrence, for the appellants.

*Paul H. Edgar,* and *Fred S. Jackson,* both of Topeka, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one for damages for taking and selling real estate under attachment. The plaintiffs recovered, and the defendants appeal. The question is, whether or not the action was barred by the statute of limitations.

The attachment suit was based on a promissory note. The defendants were nonresidents. The attachment was predicated on that fact, and no attachment bond was required. Service was made by publication, the defendants did not appear, and judgment was taken by default. The judgment was necessarily limited to finding the amount due, and ordering the attached property sold. The property was sold, and in September, 1914, a sheriff's deed was issued to a purchaser whose title was not controvertible. In April, 1915, the defendants made application to have the judgment opened, and for leave to defend. In November, 1915, the court made the following order:

"The application of Sweet et al. to open the· judgment heretofore entered and made is now allowed, and said applicants are now permitted to file answers in this cause and defend herein."

In July, 1918, at the conclusion of a trial, the court found for the defendants, and rendered judgment in their favor for costs. In May, 1919, the defendants in the attachment suit commenced this action against the plaintiffs in the attachment suit. If it were necessary to get the judgment in the attachment suit out of the way before this action could be commenced, this action was commenced in time; otherwise it was barred.

The attachment suit was based on a statutory ground, nonresidence, which could not be disputed, and the attachment proceedings were regular. That a cause of action existed was adjudicated by the default judgment. That judgment was not vacated when the present plaintiffs were let in to defend. (*Taylor v. Woodbury*, 86 Kan. 236, 120 Pac. 367.) It stood as an adjudication which justified the attachment sale until the defense tendered by the answer which the present plaintiffs were permitted to file, was sustained. If an independent action for damages for abuse of process had been instituted at any time previous to July, 1918, it would have been founded on a collateral attack on the judgment. The court had jurisdiction to render a judgment appropriating the attached property. The judgment which was rendered was as conclusive to that extent as any other, although rendered on default of appearance and answer and on constructive service; and it follows that the statute of limitations was tolled during the time consumed in perfecting the cause of action.

The defendants rely on the case of *Flint v. Dulany*, 37 Kan. 332, 15 Pac. 208. In that case a tax-deed holder quieted title by means of a default judgment, rendered on publication service, and sold the land. The judgment was vacated, the landowner defended against the tax deed, and in his answer joined a cause of action for loss of his land. A demurrer to the answer was interposed, on two grounds: first, that causes of action were improperly joined, and second, that the answer did not state facts sufficient to constitute a cause of action or defense. The demurrer was overruled, and this court sustained the decision of the district court. In discussing the general demurrer, the opinion of this court did not refer to the portion of the answer which presented the cause of action for damages. Defenses only were mentioned. The effect of the default judgment and the effect of the order permitting the defendant to answer, were not discussed. Several times it was said the default judgment was vacated. Counsel did not raise the specific question that no cause of action for damages existed when the answer was filed, the court did not consider or decide that question, and the decision turned on whether the cause of action for damages could be joined with the defenses to the tax deed. The result is, the decision throws no light on the present controversy.

Ordinarily it is not necessary to delay action for damages for wrongful attachment until determination of the action in which the attachment was issued. (*McLaughlin v. Davis*, 14 Kan. 168; *Kerr v. Reece*, 27 Kan. 469.) In this instance the situation was somewhat peculiar. There was nothing involved in the proceedings following opening of the default judgment except the attached property. No valid personal judgment could be rendered on constructive service, and the judgment which was rendered did nothing but appropriate the attached property. The case stood, therefore, as the ordinary one in which action for damages for wrongful attachment cannot be prosecuted until the attachment is set aside, and the only method of defeating the attachment was by defeating the cause of action on which the suit was founded. This being true, the action was commenced in time.

The judgment of the district court is affirmed.