No. 24,751.

GEORGE H. Cox, *Appellant,* v. W. S. BROWN and NELS C. ANDERSON et al., *Appellees* (FRED KOHLER et al., *Appellants*).

SYLLABUS BY THE COURT.

DEFAULT JUDGMENT—*Publication Service—Judgment Opened Up—No Defense Proven—Original Judgment Reinstated.* Where a judgment rendered upon publication service is opened for want of actual notice to the defendant and a trial on the merits results in the same decision as before in favor of the plaintiff, a new judgment should not be rendered, but the original one should be reinstated, and a sale and sheriff's deed made under it are thereby restored to full effect.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed April 5, 1924. Reversed.

*John Hartzler,* of Goodland, for the appellants.

*George D. Freeze,* of Goodland, and *W. S. Langmade,* of Oberlin, for the appellees.

The opinion of the court was delivered by

MASON, J.: This case involves the question whether defendants served only by publication may have the judgment against them vacated without establishing the existence of a defense, under the statute reading:

"A party against whom a judgment or order has been rendered, without other service than publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and to make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense." (R. S. 60-2530.)

George H. Cox was the owner of two mortgages on neighboring quarter sections. Nels C. Anderson and Bertha A. Anderson, his wife, each bought one of the quarters, assuming the mortgage as a part of the purchase price. An action for their foreclosure was brought by Cox, February 7, 1917, service being had upon the Andersons by publication only. Judgment was rendered in favor of the plaintiff April 23, 1917. The land was sold by the sheriff June 25, 1917, subject to redemption within six months. The sale was confirmed July 3, 1917, and a deed was made to Cox January 8, 1918. Cox conveyed the land to Anna M. Kohler by warranty deed January 20, 1918. The Andersons filed a motion to open the judgment April 10, 1918. After a number of rulings which need not be recited the Andersons filed an amended answer which was held to state a defense and a trial was had resulting in a judgment for the plaintiff equivalent to that originally rendered, but providing for a new sale of the land, the Andersons to have the right to redeem within six months thereafter. Cox and his grantee appeal.

The plaintiff contends that upon the application of the Andersons the judgment could be set aside only tentatively, and inasmuch as no defense was proved the trial court instead of rendering a new judgment should have reinstated the old one with all the steps taken under it. The Andersons' theory is that upon their filing a sufficient answer and otherwise complying with the statute (showing that they had had no actual notice of the pendency of the case in time to have defended against it) the court properly vacated the judgment and thereafter the action proceeded as though none had

been rendered, notwithstanding they failed to prove their allegations on the merits of the case to the satisfaction of the court.

Where a judgment is set aside because of irregularity in obtaining it (R. S. 60-3007, subdiv. 3) it is only conditionally vacated, and in case the defense pleaded is not proved it is restored to its original status with all its rights, priorities and liens. (*Meixell v. Kirkpatrick*, 25 Kan. 13.)

This court has already determined that the same procedure is followed where a judgment based upon publication service is opened under the statute here invoked, as shown by these excerpts from opinions on the subject:

"All that the judge at chambers does in granting the application [to open a judgment taken on constructive service] is to make a provisional or interlocutory order permitting the defendant to set up his defense to the action. If on the final hearing the court shall decide that the defense is insufficient, no new judgment is rendered; the original judgment stands as of the date it was rendered. . . . the court holds that the application to open a judgment and permit the defendant to answer, under section 83 of the code [R. S. 60-2330], is a motion, and therefore may be heard and decided by the judge at chambers. The rights of the plaintiff are not thereby finally determined. If he is entitled to the judgment, it will not be disturbed. He obtained it upon constructive service only, and with full knowledge that if at any time within three years thereafter the defendant should make proper application to have it opened and to be let in to defend, it would be opened up to that extent." (*Taylor v. Woodbury*, 86 Kan. 236, 238, 120 Pac. 367.)

"The attachment suit was based on a statutory ground, nonresidence, which could not be disputed, and the attachment proceedings were regular. That a cause of action existed was adjudicated by the default judgment. That judgment was not vacated when the present plaintiffs were let in to defend. (*Taylor v. Woodbury*, 86 Kan. 236, 120 Pac. 367.) It stood as an adjudication which justified the attachment sale until the defense tendered by the answer which the present plaintiffs were permitted to file, was sustained." (*Sweet v. Hill*, 108 Kan. 826, 827, 197 Pac. 567.)

A recognition of the practice is indicated in other cases. In *Pritchard v. Madren*, 31 Kan. 38, 46, 2 Pac. 691, the record shows that a motion under the section involved was "conditionally allowed," and in *Young v. Martin*, 96 Kan. 748, 750, 153 Pac. 542, it is recited that a judgment which had been opened under this section was reinstated upon the withdrawal of the applicant's attorneys. The following text shows a similar practice elsewhere although the cases cited in its support did not arise upon statutes in all respects like our own:

"If the party who obtains the opening of a judgment is afterward defeated

in the action, the effect is to restore the original judgment to full force and finally conclude his rights in the premises." (23 Cyc. 974.)

The judgment is reversed and the cause is remanded with directions to reinstate the original judgment, thereby confirming the title under the sheriff's deed.