No. 41,751

THE COMMERCIAL SAVINGS AND LOAN ASSOCIATION, *Appellee*, v. ELMER E. CURTS, *Appellant.*

(354 P. 2d 86)

Opinion filed July 12, 1960.

*William L. Fry*, of Wichita, argued the cause, and *J. D. White* and *John D. McBride*, both of Wichita, were with him on the brief for the appellant.

*Charles E. Jones*, of Wichita, argued the cause, and *Mark H. Adams, Wm. I. Robinson, J. Ashford Manka, Clifford L. Malone, Mark H. Adams, II, John S. Seeber* and *Floyd E. Jensen*, all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a mortgage foreclosure action by one who purchased the mortgaged property for a nominal consideration *subject to* the first and second mortgages.

The principal question presented is whether the period of time within which the appellant is authorized to redeem the property sold at a sheriff's sale upon foreclosure should have been fixed by the trial court at eighteen months instead of six months.

Of the fifteen specifications of error assigned only two have been argued in the appellant's brief. The first point argued is that the trial court erred in denying the appellant, defendant and cross petitioner below, a jury trial contrary to Section 5 in the Bill of Rights in the Constitution of Kansas and G. S. 1949, 60-2903.

From the record presented on appeal it does not appear this issue was argued on the motion for a new trial. Under these circumstances the appellant is deemed to have waived this objection, assuming, without conceding, that it did have merit.

Did the trial court properly fix the period of redemption at six months from the date of the sheriff's sale in the judgment which it rendered foreclosing the first and second mortgages?

William T. Ray and his wife owned an equity in a home at 415 West 45th Street in the City of Wichita, Kansas, subject to a mort-

gage of approximately $16,000 to Mid Kansas Federal Savings and Loan Association, which they traded to Roy I. DeGeer and his wife for an old twenty-four room apartment house badly in need of repairs located at 432-434 North Emporia Street in the City of Wichita. In addition the Rays gave a first mortgage to the Commercial Savings and Loan Association (hereafter referred to as Commercial) of $8,300 on the Emporia Street property, and they also gave a second mortgage to the DeGeers for $7,000 on the Emporia Street property. Elmer E. Curts, appellant, was a tenant in one apartment of the Emporia Street property at the time of the exchange.

Commercial paid the proceeds of the first mortgage by check jointly to the Rays, the mortgagors, and the DeGeers, the sellers, and the check was thereafter endorsed and delivered to the Mid Kansas Federal Savings and Loan Association to reduce the mortgage on the 45th Street property to approximately $7,000. At the same time Mid Kansas released certain property belonging to Mr. Ray's father on Park Place in the City of Wichita which was also covered by the mortgage on the 45th Street property.

The first mortgage on the apartment house, dated June 17, 1958, was procured by the Rays from Commercial upon the representation that they were purchasing the apartment as a rental investment. Mr. Ray represented that he was a contractor and would repair the property to make it tenantable. To assure that the repairs were made Commercial withheld $500 from the proceeds of the loan which was to be paid after the repairs had been made by Mr. Ray. Actually, the Rays had never even seen the property on North Emporia Street, knew nothing about its condition or tenancy, and never in fact took possession, but on July 28, 1958, conveyed the property on North Emporia Street to the appellant, Elmer E. Curts, by warranty deed *subject to* the first and second mortgages, taking in exchange a lot out by Santa Fe Lake, the market value of which Curts testified he had no opinion.

After the DeGeers moved out of the apartment house on the 24th day of July, 1958, the evidence of Commercial disclosed that it was neither occupied nor rented by anyone. The building was closed up, the doors locked, window blinds drawn, and it was left to deteriorate. The yard and grounds were not cared for, the property was untenantable and in a bad state of repair.

No payment was ever made on the first mortgage to Commercial,

the first payment being due August 1, 1958, or on the second mortgage to the DeGeers. The foreclosure action was instituted on October 31, 1958, and Curts was made a party defendant, he being the record owner of the apartment house when the action was instituted. Curts did not sign or assume liability on the mortgages and no personal judgment was sought against him. The petition contained allegations of a normal foreclosure action. By his answer Curts admitted the note and mortgage of Commercial, but alleged that Commercial refused to pay out $500 withheld under the note and mortgage pending certain repairs to be made, which Curts alleged he made. By way of counterclaim Curts alleged damages by reason of Commercial's withholding of the $500.

The DeGeers filed an answer and cross petition praying to foreclose their mortgage, and Curts cross-claimed against the DeGeers for damages for alleged waste.

The trial court, upon issues properly joined, and after hearing the case which was tried for five days, entered judgment on the 15th day of June, 1959, in favor of Commercial ordering foreclosure of the first and second mortgages, the sale of the property by order of sale, and fixing the period of redemption at six months. The claims of Curts against Commercial and the DeGeers were denied (these issues being irrelevant to this appeal). Curts filed a motion for a new trial which, after hearing, was overruled.

The real estate was sold at sheriff's sale to Commercial on August 5, 1959, for the full amount of its judgment, interest, costs and taxes, in the sum of $8,942.73 (this does not include the sum of $500 withheld pending repairs), which sale, and the six months period of redemption, was confirmed by the court.

G. S. 1949, 60-3439, provides that the defendant owner of any real property sold under "execution, special execution, or order of sale" shall have a period of six months from the date of sale within which to redeem the property, "*where the court or judge shall find that the lands and tenements have been abandoned, or are not occupied in good faith.*" (Emphasis added.)

The trial court made no specific findings of fact concerning the period of redemption, and the judgment of the trial court setting the period of redemption at six months imports a general finding in favor of the appellee, Commercial.

A general finding made by the trial court determines every controverted question of fact in support of which evidence has been

introduced and raises the presumption that all facts necessary to sustain and support the judgment have been found. (*Dryden v. Rogers*, 181 Kan. 154, 309 P. 2d 409; *Watkins v. Layton*, 182 Kan. 702, 324 P. 2d 130; *Boese v. Crane*, 182 Kan. 777, 324 P. 2d 188; *In re Estate of Julian*, 184 Kan. 94, 334 P. 2d 432; *Nauman v. Kenosha Auto Transport Co.*, 186 Kan. 305, 349 P. 2d 931; and *Smith v. Smith*, 186 Kan. 728, 352 P. 2d 1036.) Under these circumstances and based upon the testimony in the record, it may be inferred that the trial court found the property was abandoned or was not occupied in good faith.

The Rays never purchased the property in good faith. They never saw it before they acquired title on June 24, 1958, never took actual possession, never determined its condition, or what, if any, tenants were in the property. They made no payments whatever on the mortgage. Certainly as to the Rays the property was abandoned. It was never occupied by them in good faith.

Curts acquired the property without assuming the mortgage and without any real intention to pay the mortgages unless the property was rented, but he knew when he acquired the property that the premises were not in a tenantable condition. He admitted the premises were locked up and closed down. The evidence disclosed that the blinds were drawn and it appeared that no one occupied the premises; that they were in a very bad state of repair, and Commercial had to pay the taxes. Even though the apartment house was appraised at $16,500 when the loan was made in June, 1958, it had evidently depreciated to the point where in August, 1959, it was not worth more than $8,942.73, because that was the price at which Commercial purchased the property at the sheriff's sale. The DeGeers, second mortgagees, did not even see fit to protect their own mortgage. It has been said that failure to pay taxes and to keep the property insured is entitled to weight on the issue of abandonment and whether the premises are occupied in good faith. (*Rosenfield v. Cunningham*, 85 Kan. 835, 118 Pac. 878.)

In *Mortgage Co. v. Epp*, 99 Kan. 706, 162 Pac. 1170, the trial court limited the redemption period to six months on the ground that the premises were abandoned. In spite of irregularities in the evidence the Supreme Court sustained the finding, saying:

"The great preponderance of the evidence showed the premises to be unoccupied, the farm residence vacant and many of its windows broken and its foundations undermined, the arable land idle and untilled, the windmills dis-

mantled, the barns and outbuildings collapsed or callapsing, and that they had no appearance of being in the possession of any *bona fide* caretaker. To meet such conditions the legislature wisely limited the redemption to six months, and the present case was a proper one for the application for the six months' rule." (p. 709.)

In conclusion we hold there was sufficient evidence presented by the record to sustain a finding by the trial court that the property in question was abandoned, or was not being occupied in good faith, and by reason thereof the trial court did not err in fixing the period of redemption at six months.

The judgment of the lower court is affirmed.