ABRAM S. WILLIAMS V. THE BOARD OF COUNTY COM-
MISSIONERS OF THE COUNTY OF KIOWA.

No. 14,686.   (88 Pac. 70.)

SYLLABUS BY THE COURT.

1. JUDGMENTS — *Publication Service* — *Application to Open* —
*Requisites of Answer.* An answer filed in connection with an
application to open a judgment rendered without other service
than by publication must be full and complete as a pleading
by the defendant in the cause. It need not present a defense
coextensive with the entire demand, or with every demand, of
the petition, but whatever defense it proposes must be com-
plete and perfect in the sense of fully overcoming the por-
tions of the plaintiff's claim against which it is directed; and
it must subvert sufficient of the cause of action set forth in
the petition to make it worthy of consideration in the doing
of substantial justice between the parties.

2. ——— *Foreclosure of Tax Lien—Opening Judgment—"Full
Answer."* An answer filed in connection with an application
to open a judgment rendered upon publication service under
the act of 1901 relating to the collection of delinquent taxes
on real estate, which is otherwise sufficient, is a full answer
if it shows that one per cent. of the judgment consists of
taxes intentionally levied for specific purposes not sanctioned
by any provision of law, and interest on such taxes.

Error from Kiowa district court; EDWARD H. MADI-
SON, judge. Opinion filed December 8, 1906. Reversed.

*John W. Davis,* for plaintiff in error.

*L. M. Day,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: This proceeding in error was instituted
to reverse an order of the district court denying an
application to open a judgment rendered upon publica-
tion service. The practice in such cases is regulated by
section 77 of the code of civil procedure, which reads as
follows:

"A party against whom a judgment or order has
been rendered, without other service than by publica-

tion in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened, the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which by it or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment. The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter affidavits to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense." (Gen. Stat. 1901, § 4511.)

All the requirements of the law were complied with if the answer filed was a "full answer." The judgment was rendered under the act of 1901 relating to the collection of delinquent taxes on real estate and providing a remedy by way of sale under a court decree. (Laws 1901, ch. 392; Gen. Stat. 1901, § 7718 et seq.) The court found the amount of taxes due on the defendant's land to be $115.08. The answer tendered shows that this amount includes taxes levied for seven successive years, without any authority of law, on account of the "current university fund," amounting to sixty cents; taxes levied for two years, without any authority of law, on account of what was called a "fire tax," amounting to five cents; and an illegal advertising fee amounting to thirty cents. Interest on these charges is also included in the judgment, so that one per cent. of it, at least, is illegal. It is conceded that the answer is drawn with due observance of all matters of form.

The plaintiff argues ·that the answer is not a full answer because it presents a partial defense only; that if its allegations were true the judgment would not be materially modified as to amount; and that the same decree of sale would have been entered if the defense had been proved at the trial.

The statute was⸱ designed to enable the courts to do right between litigants, and should be construed in the spirit of fairness which prompted its enactment. When the conditions of the statute have been complied with the court has no discretion in the matter. The judgment must be opened. (*Albright v. Warkentin*, 31 Kan. 442, 2 Pac. 614.) In the case just cited Mr. Justice Brewer, speaking for the court, said:

"Indeed, in order to do justice to both parties, the provisions of that section [Code, § 77] should be construed in no technical way, but fairly and reasonably. Every party ought to have his day in court; and while service by publication, which in fact imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing if it can be possibly done consistent with the rights of other parties. The section provides ample protection to third parties dealing with property on the faith of the judgment, and the plaintiff certainly has no right to complain if within a reasonable time, which by statute is fixed at three years, the defendant demands an opportunity of litigating with him the justice of the claim. In fact, a judgment upon service by publication is as between the parties in the nature of a conditional judgment, one which becomes final and absolute only at the expiration of three years, and liable in the meantime to be opened whenever the defendant brings himself within the provisions of the section." (Page 445. See, also, *Sperring v. Hudson*, 37 Kan. 104, 106, 14 Pac. 489.)

In the case of *Durham v. Moore*, 48 Kan. 135, 29 Pac. 472, it was said that a "full answer" means an answer "not wanting in any essential requisite; a meritorious answer." (Page 136.) Manifestly great injustice might result if the answer were required to meet the

entire cause of action presented by the petition, or every part of each cause of action, if there should be several. Pressed to its logical result such a doctrine would forbid the opening of a tax judgment if ninety-nine per cent. of the cause of action were illegal, the remaining one per cent. being unanswered. This being true, the statute should be interpreted to mean that the answer must be full and complete as a pleading by the defendant in the cause. It need not present a defense coextensive with the entire demand, or with every demand, of the petition, but whatever defense it proposes must be complete and perfect in the sense of fully overcoming the portions of the plaintiff's claim against which it is directed, and it must subvert sufficient of the cause of action set forth in the petition to make it worthy of consideration in the doing of substantial justice between the parties.

It is true the suit is an ordinary one to foreclose a lien. The state is simply given a remedy by suit for the collection of its revenues, in addition to the usual administrative methods. The proceeding is judicial, follows the common course of civil proceedings generally, and the deed issued in consummation of a sale is not a tax deed. (*English v. Woodman*, 40 Kan. 412, 20 Pac. 262; *McGregor v. Morrow*, 40 Kan. 730, 21 Pac. 157; *Pritchard v. Madren*, 31 Kan. 38, 2 Pac. 691, interpreting the statute of 1877.)

The suit, however, is in effect one by the sovereign for the arbitrary appropriation of the private property of the individual. The claim of the state is almost invariably made up of sums of money which, separately considered, would be of little importance in ordinary commercial transactions, and usually the entire amount to be collected is so disproportionately small when compared with the value of the security that the proceeding presents all the harsh features of a forfeiture. Under these circumstances items which would be disregarded in suits upon contracts become formidable. Here, as in the case of other judgments,

trivial mistakes, inconsequential errors and slight ir-regularities should be overlooked. They may inhere in a tax judgment and it still be just. But the intentional imposition of specific burdens for designated purposes not sanctioned by any provision of law cannot be toler-ated, even although the amounts be small. Innocent purchasers of the property must of course be protected, but, this being done, to refuse to listen to the protest of the taxpayer would be to foster tyranny.

The court is not called upon to name the lowest sum of which cognizance should be taken. It merely de-cides that the answer tendered to the district court complied with section 77 of the code. (Gen. Stat. 1901, § 4511.)

The judgment of the district court is reversed and the cause remanded, with direction to proceed further in accordance with the views expressed in this opinion.

All the Justices concurring.