No. 20,881.

F. S. MACY, *Appellant*, v. LOLA COOPER et al., *Appellees.*

SYLLABUS BY THE COURT.

1. SHERIFF'S SALE—*Decree of Confirmation—Validity of Proceedings.* A decree confirming a sheriff's sale under an order of court in a partition suit determines the validity of all the proceedings leading up to the sale and involved in it.

2. PARTITION—*Judgment—Order of Sale—Sheriff's Sale—Confirmation.* A journal entry of judgment reciting all the proceedings in a partition suit and containing an order for the sheriff to sell the property, which journal entry is written on a stationer's blank form of document having a caption, "Order of sale when partition can not be made," signed by the judge and signed and attested by the clerk, will answer the purpose of an order of sale when the document is delivered to the sheriff and pursuant thereto the sheriff has sold the property and made his return thereon, and when the proceedings are judicially approved and the sale confirmed.

Appeal from Seward district court; GEORGE J. DOWNER, judge. Opinion filed November 10, 1917. Reversed.

*F. S. Macy*, of Liberal, *pro se; E. W. Davis*, of Liberal, of counsel.

*V. H. Grinstead*, and *E. C. Warfel*, both of Liberal, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents a question concerning the validity of a sheriff's sale of land under a judgment in a partition suit.

The plaintiff, F. S. Macy, and the defendant, D. Garrett, were tenants in common of a tract of land in Seward county, each owning an undivided half interest. Macy brought partition. The defendant Garrett's answer raised no issue and joined in the prayer for partition. The other defendants disclaimed. The trial court found the facts and appointed commissioners to appraise the land, and to partition it as far as practicable. The property was appraised at $800, and the commissioners reported that partition in kind was impracticable without prejudice to the owners. Both plaintiff and defendant Garrett elected to take the property at its appraised valuation. The court approved the commissioners' report, and decreed—

"The sheriff of said county shall sell the same in the same manner as in sales of real estate on execution, but for not less than two-thirds of the valuation placed upon the property by the commissioners, and make due report of his proceedings to this court. . . .

"(Signed)        GEO. J. DOWNER, *District Judge.*

"Correct—Attest:  G. L. LIGHT,

(Seal.)        ·        *Clerk District Court.*"

The record of these proceedings and judgment ordering the sale of the property, signed by the judge and attested by the clerk of the court, was written on a stereotyped blank form of document supplied by a well-known firm of stationers and entitled "Order of sale when partition can not be made." The recitals in the document show that it was in fact a journal entry of judgment. It recited the proceedings, the judgment, the appointment of appraising and partitioning commissioners, their report and its approval, and the decree that the sheriff should sell the property, etc., and which document, signed by the judge and attested by the clerk, was delivered to the sheriff.

Macy v. Cooper.

That officer treated the document as a writ commanding him to advertise and sell the property, and after due publication he sold the property at public auction to the highest bidder for $1,201, the latter being Macy, the plaintiff. The sheriff made his return upon the document in question. Afterwards, on April 9, 1915, on plaintiff's motion, the court confirmed the sale. The decree in part reads:

"Now, this day comes the plaintiff in his own proper person, and moves the court to confirm a sale of real estate made by the sheriff of Seward county, Kansas, on March 3rd, A. D. 1915, under an order of sale issued out of the office of the clerk of the district court of said county and state, and dated the 1st day of February, 1915, directing the sale of the following described lands. . . . And the court having examined the proceedings of said sheriff under said order of sale, finds that the same have been made in all respects in conformity to law, and no exceptions being filed nor objections made, it is ordered and adjudged by the court, that said sale and proceedings be and the same are hereby approved and confirmed; and it is further ordered, that O. E. Dobson, sheriff of said county of Seward, make and execute to the purchaser thereof at said sale a good and sufficient deed for the premises so sold."

Pursuant thereto, on April 9, 1915, the sheriff made a deed of the property to plaintiff.

On June 10, 1915, the defendants filed a motion to set aside the judgment ordering partition, and to set aside all the proceedings had thereunder. The motion was overruled in so far as it was directed against the judgment decreeing partition, but was sustained in part. The judgment on the motion reads:

"That no order of sale has been issued by the clerk of this court, and that the sale of said real estate made by the sheriff of Seward county, Kansas, on the 3rd day of March, 1915, was and is void, and that the decree of this court made on the 9th day of April, 1915, confirming said sale was erroneously made and void, and should be set aside and held for naught; that the sheriff's deed under and by virtue of said sale is void and that all of the proceedings in this case subsequent to the decree and judgment of this court partitioning said real estate and directing the sale of the same are void, and of no effect and should be set aside, and the court further finds that the said motion in all the other respects should be overruled and denied."

The plaintiff appeals.

It will thus be seen that the technical defect in the proceedings leading up to the sale and subsequent confirmation, if any, was the want of a formal order of sale. The clerk's docket shows the following entries:

"Action docketed August 25th, 1914.

"Judgment filed Dec. 14th, 1914.

"Feby. 1st, 1915 Prae for Order of Sale filed, order of sale issued, Seward County, Cert. & Seal.

"March 3rd, 1915, Order of sale returned and filed, Recd 65 cts Indx 05, Printers fee to Millman.

"April 8th, 1915, Motion to confirm.

"April 9th, 1915, Decree of confirmation filed and recd."

The present incumbent of the clerk's office, successor to the clerk at the time the original proceedings were had, made an affidavit:

"That I am unable to find any record in my office of the order of sale or the sheriff's return thereon in case No. 2176, F. S. Macy vs. Lola Cooper et al., ever having been recorded in the records kept for that purpose in my office, although I have made a diligent search for same."

If there was any fact in dispute, the trial court's finding would probably conclude the controversy, although the entries on the clerk's docket are strongly probative of the fact that a præcipe was filed by plaintiff and that an order of sale was issued. Apparently what was done was to hand over to the sheriff the journal entry of judgment labeled "Order of sale when partition can not be made," signed by the judge and attested by the clerk.

The pertinent statute reads:

"If none of the parties elect to take the property at the valuation, or if several of the parties elect to take the same at the valuation, in opposition to each other, the court shall make an order directing the sheriff of the county to sell the same in the same manner as in sales of real estate on execution; but no sale shall be made at less than two-thirds of the valuation placed upon the property by the commissioners." (Civ. Code, § 645.)

Defendants contend that the language of the statute, "the court shall make an order directing the sheriff of the county to sell the same in the same manner as in sales of real estate on execution," not only means that the sale in partition shall be in the same manner as in sales on execution, but that the antecedent steps, the filing of the præcipe and the issuance of a formal order of sale by the clerk, are likewise required. That is straining the language to a considerable degree. But conceding that a separate writ ordering the sale should be issued under the signature and seal of the clerk, and that it should contain the words of authority and salutation, "The State of Kansas to the Sheriff of Seward County, Greeting," the document labeled an order of sale and which was signed by

the judge, and signed and sealed by the clerk, answered every practical purpose, and pursuant thereto the sheriff proceeded, and it can not be discerned how the defendant Garrett was prejudiced in the slightest degree. He did not object to the sale; he did not object to the confirmation. The decree confirming the sale determined the validity of all the proceedings leading up to it. (*Knox v. Doty*, 81 Kan. 138, 139, 105 Pac. 437.) The confirmation should not have been disturbed. (Civil Code, §§ 141, 581; *Carter v. Hyatt*, 76 Kan. 304, 310, 91 Pac. 61; 30 Cyc. 283, 287.)

Reversed and remanded with instructions to enter final judgment for plaintiff.