No. 24,751.

GEORGE H. COX, *Appellant*, v. W. S. BROWN and NELS C. ANDERSON
et al., *Appellees* (FRED KOHLER et al., *Appellants*).

SYLLABUS BY THE COURT.

DEFAULT JUDGMENT—*Publication Service—Judgment Opened Up—No Defense
—Original Judgment Reinstated.* Where, after the period for the redemption of land' sold on execution has expired, the defendant procures the opening of the judgment because based on publication service without actual notice, he does not thereby acquire a right by paying the amount of the debt with interest and costs to end the litigation and regain title to the land, unless the final decision is in his favor upon some defense or partial defense set out in his answer.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion denying a rehearing filed May 19, 1924. (For original opinion of reversal see 115 Kan. 709, 224 Pac. 908.)

*John Hartzler,* of Goodland, for the appellants.

*George D. Freeze,* of Goodland, and *W. S. Langmade,* of Oberlin, for the appellees.

The opinion of the court was delivered by

MASON, J.: The plaintiff obtained judgment on publication service against the defendants, foreclosing two real-estate mortgages. After the land had been sold on an order of sale and a sheriff's deed had been executed to the plaintiff, who conveyed the land to a third person, the judgment was opened on a showing that the defendants had had no actual notice of the suit, accompanied by an answer alleging that the amount claimed was not due and that the period of redemption should not have been limited to six months, and offering to pay the amount of the mortgage debt. The trial court found against the defendants on the issues of fact and rendered a new judgment substantially the same as the first, ordering the property resold. On appeal by the plaintiff it was held that the original judgment should have been reinstated, with all its consequences,.thereby restoring to full effect the sale and deed. (*Cox v. Anderson,* 115 Kan. 709, 224 Pac. 908.)

In motions for a rehearing the defendants urge that after the first judgment had been opened they had a right to end the litigation by paying the amount of the mortgage debt, with interest and costs, and that they had offered to do so. This matter was not specifically

mentioned in the original opinion because it was thought sufficient to say that in such a situation the same rule applies as where a judgment is set aside because of an irregularity in obtaining it; namely, that it "is only conditionally vacated, and in case the defense pleaded is not proved it is restored to its original status, with all its rights, priorities and liens." (p. 711.) A judgment cannot be opened under the statute here involved unless the answer states a defense to a whole or a part of it. (*Williams v. Kiowa County,* 74 Kan. 693, 88 Pac. 70.) The opening of the judgment being only for the purpose of determining whether the defense interposed is well founded, the defendant acquires by it no right to end the matter by paying the amount that would be due if no judgment had been rendered, unless the issue of fact is decided in his favor. The defendants cite two decisions as holding the contrary—*Hauswirth v. Sullivan,* 6 Mont. 203, and *Martens v. Green,* 113 Kan. 142, 213 Pac. 642. The Montana case dealt with the setting aside of a judgment which was void because based on a service of summons made on Sunday. The Kansas case, while involving the statute here under consideration, dealt with a judgment in partition attacked and sought to be set aside on various grounds, including a false affidavit for service, before the expiration of the term of court at which it had been rendered.

The motions for a rehearing are overruled.