No. 31,141.

The Pilsen State Bank, *Appellee,* v. John Riffel and Mary Riffel, his Wife, et al., *Appellants.*

(21 P. 2d 348.)

Opinion filed May 6, 1933.

*Stanley W. Howe,* of Florence, for the appellants.
*John E. Wheeler,* of Marion, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment overruling a motion to set aside a default judgment in an action on a note executed by defendants, John and Mary Riffel, and secured by a third mortgage on two eighties of land in Marion county; also on two matured interest coupons which pertained to another note executed by defendants secured by a first mortgage on the same property; and also on a commission note and second mortgage on the same land executed by defendants.

The original petition was filed on July 29, 1931. Summons was issued and served on defendants and answer day was August 24, 1931. On October 23, 1931, plaintiff, in the meantime having ac-

quired two matured but unpaid coupons pertaining to the note secured by the first mortgage and also having acquired the commission note and mortgage upon which default had also been made, filed a supplemental petition reciting these facts and praying for judgment. thereon in addition to the amount prayed for in his original petition. Still later plaintiff recast its first and supplemental petitions into an amended petition which was filed on November 17, 1931. Alias summons was served, and answer day set for December 12, 1931.

Default judgment was entered on December 23, 1931, and foreclosure decreed according to the prayer of plaintiff's amended petition. On January 3, 1932, at the same term of court, defendants filed a motion to set aside the default judgment on various grounds, some of which may require notice later in this opinion, but only two of these need be mentioned here:

(a) The notes and mortgages and coupons sued on had not been surrendered to the court for cancellation when the judgment was entered.

(b) The decree provided that defendants should have eighteen months to redeem to be computed "from the date of the rendering of such judgment."

Before defendants' motion to set aside the default judgment was called for hearing, the notes, mortgages and coupons were filed in the office of the clerk of the court for cancellation. That fact was called to the court's attention when the motion was presented. At the same time the court ordered immediate correction of the decree so that the redemption period should be computed "from the date of sheriff's sale." Then the motion to set aside the default judgment was denied, which ruling is the basis of this appeal.

It will be noted that ere the trial court ruled on defendants' motion, the formality of surrendering for cancellation the instruments on which judgment was entered had been observed, and the error as to the time when the eighteen-months redemption period should begin had been corrected. Consequently those two points urged as grounds for setting aside the default judgment had evaporated.

Looking further into the contents of defendants' motion, it is difficult to discern a solitary allegation which even looks like a defense to plaintiff's action. And if no substantial defense was pleaded, certainly it was not only proper to overrule the motion

but to sustain it would have unjustly hindered the plaintiff in the recovery of its due.

Defendants' brief cites cases to the effect that the court has power within the term to amend its judgment. Quite true. Here it did amend it in respect to the only matter which required amendment. It is also urged that courts have very wide discretionary power to open up judgments "for the purpose of administering justice." Undoubtedly so, but these general observations as to judicial power are no help to us in our scrutiny of the contents of defendants' motion. What we are looking for is something that savors of a real defense of law or of fact to plaintiff's action. It contributes nothing towards that discovery to say that defendants were ignorant people unlearned in the law and the procedure of courts. If that were a defense, nine-tenths of all the defendants who have been sued since the age of King Solomon could have invoked it. No matter how ignorant these defendants may be, they ought to be able to inform their attorney, so he could have set it down in this motion, just why they should not have to pay plaintiff's demands. But all their counsel can urge in their behalf, in addition to the points noted and disposed of above, is that the original first mortgage was made to the Warren Mortgage Company and that concern assigned it to one McRoberts and that such assignment was recorded, and no further assignment of the mortgage or the note and coupons pertaining thereto has been recorded. From this fact defendants argue that they cannot be assured that the plaintiff bank now owns the matured coupons which it claims to own, and on which it formulated one of its causes of action. But plaintiff had possession of these instruments and had a right to sue on them. Moreover, the instruments are now canceled by this judgment, so defendants need have no further concern about them. No defense to plaintiff's action appears from the facts that the assignment of the coupons and the second mortgage to plaintiff had not been recorded. Neither did plaintiff's omission to serve summons on the Warren Mortgage Company or McRoberts suggest any defense. If issues had been joined between plaintiff and defendants and it had thereby been developed that those issues could not have been adjudicated without bringing in the mortgage company and McRoberts, of course that could have been done; but here nothing appears to justify their being served with process and brought into the action.

In a reply brief defendants call attention to the fact that our

rule No. 28 was violated because the sheriff's sale was confirmed on the same day the motion for confirmation was filed. But this breach of our rule did not suggest any defense to plaintiff's action, nor give any reason why the judgment should be opened. It would have given defendants a technical ground to object to the confirmation, but they did not raise any such objection in the court below, and of course they cannot now urge it here.

Nothing approaching an error of law nor suggesting a possibility of injustice in this case is made to appear, and the judgment is therefore affirmed.