No. 32,406

THE OAKLAND STATE BANK (now known as THE KAW VALLEY STATE BANK), *Appellee*, v. VELMA BOLIN et al., *Appellants*.

(43 P. 2d 702)

Opinion filed April 22, 1935.

*Frank A. Holder, Henry Dangerfield, Edwin A. Austin* and *John M. Williams,* all of Topeka, for the appellants.

*Oscar Raines, Ralph F. Glenn, Ivah Raines Glenn* and *Wendell B. Garlinghouse,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is by two of six children and heirs of mortgagors, now deceased, in a mortgage foreclosure action in which they, as defendants, were served only by publication in a newspaper, and whose application to open up and set aside the judgment rendered against them was denied. The trial court heard evidence on the question of these defendants not having actual notice of the pendency of the action in time to appear in court and make a defense, and also heard and sustained the demurrer of plaintiff to the sufficiency of the answer presented by the defendants in connection with their application, from which ruling these defendants appeal.

The application to open up and set aside the judgment rendered against them on publication service was made under the provisions of R. S. 60-2530, which requires among other things that they "shall file a full answer to the petition."

The answer is denominated an answer and cross petition. At considerable length it sets out their ownership of a two-sixths interest in the property involved on which their parents gave the mortgage which had been foreclosed; their absence from the state of Kansas; the possession of the property by the other children of the deceased mortgagors; description of the mortgage given by their parents as being for $2,600, dated December 8, 1925, and given for five years, and further alleges:

"That large payments were made by said M. G. Bolin and his wife during their lifetime. The dates of said payments and the amounts thereof are to these defendants unknown, but plaintiff admits payments in and by the petition amounting to one thousand six hundred eighty (1,680) dollars on principal and interest. That besides said payments said M. G. Bolin and wife had paid all coupons attached to said note. That these defendants believe and allege that other payments were made by said M. G. Bolin and wife in their lifetime. The dates and amounts of which payments are to these defendants unknown."

The pleading then asks for an accounting with the mortgagee and a determination of the amount due plaintiff, if any, from these two defendants on account of their claim of ownership of an undivided two-sixths interest in the mortgaged land, for proper equitable relief against their codefendants, and for partition of the land involved between these defendants and others interested therein. In the prayer of the petition is the following:

". . . for an accounting of the amount due, if any, to said plaintiff, and leave to redeem and free the two-sixths interest in said real estate owned and set apart to these defendants from any lien found to said plaintiff herein."

The two parts of the answer here quoted are those which would most nearly constitute the defense of these two defendants to the plaintiff's petition to foreclose the mortgage.

The counter abstract sets out some of the defaults of the defendants as alleged in the petition as follows: failure in payment of interest, maturity of note a year and a half before the filing of the petition, failure to pay taxes of the years 1929, 1930 and 1931, failure to make needed repairs and committing waste.

Is the answer a full defense to such a petition? Appellants cite *Williams v. Kiowa County*, 74 Kan. 693, 88 Pac. 70, to show that a full defense need not be coextensive with the entire demand or with every demand of the petition, but in that connection it is further said in the syllabus:

". . . but whatever defense it proposes must be complete and perfect in the sense of fully overcoming the portions of the plaintiff's claim against which it is directed; and it must subvert sufficient of the cause of action set forth in the petition to make it worthy of consideration in the doing of substantial justice between the parties." (Syl. ¶ 1.)

Appellants also cite *Wyatt v. Collins,* 105 Kan. 182, 180 Pac. 789, where it was held:

"An answer filed with an application to open a judgment in a suit to quiet title, which expressly denies the facts pleaded in the petition, is a 'full answer' within the meaning of the provisions of section 83 of the civil code." (Syl. ¶ 2.)

This was where the answer contained a general denial of the allegations of the petition and later an amended answer was filed alleging fraud on which the defense largely relied.

Appellants also cite *Cox v. Anderson,* 115 Kan. 709, 224 Pac. 908, and the rehearing thereof in 116 Kan. 213, 225 Pac. 1044, in the latter of which it was stated in the opinion that the answer must state a defense to the whole or at least a part of the cause of action. *Albright v. Warkentin,* 31 Kan. 442, 2 Pac. 614, is also cited as to one not being deprived on technical grounds of the privilege of making a defense.

Of course the answer must be liberally construed as to its being a defense or partial defense, if its language justifies it. In answer to one of the cases above cited it may be said that our attention has not been called to any general denial in the answer in this case or to any special denial of the allegations of the petition unless the parts above quoted therefrom are such. The statements in the answer about large payments having been made by the mortgagors in their lifetime, and that defendants believe and allege that other payments were made by the mortgagors than those acknowledged in the petition, but the dates and amounts of such payments are unknown to the defendants, may be good allegations in an action for an accounting, but they do not meet the allegations of the petition as to default of principal and interest and the failure to pay taxes. The portion above quoted from the prayer of the answer practically admits a balance due the plaintiff and more nearly indicates that the purpose of the pleading is for an accounting, redemption and partition.

In the case of *Pilsen State Bank v. Riffel,* 137 Kan. 678, 21 P. 2d 348, outside matters were alleged in the answer concerning the failure to record assignments of the mortgage and as to the defendants

being uninformed as to certain matters, and these were by the court held not to be any defense to a mortgage foreclosure petition.

In *Durham v. Moore*, 48 Kan. 135, 29 Pac. 472, the answer in a similar kind of an action contained conditional denials, and set forth many figures from which a conclusion is attempted to be drawn, and then the answer bases a denial upon such conclusion, and in denying the application to set aside the judgment the court said:

"Where a defendant applies, under section 77 of the code, to have a judgment rendered upon service by publication opened up, and asks to be let in to defend, he must bring himself clearly within the provisions of the statute. If the answer filed fails to show a meritorious defense, it is not error for the court to overrule such application." (Syl.)

In the case of *Withers v. Miller*, 140 Kan. 123, 34 P. 2d 110, the requirements of such an application were set out specifically in the form of questions, one of which was "Has he filed an answer stating a defense?" (See, also, *Chambers v. Rose*, 111 Kan. 22, 206 Pac. 336, and *Wyandotte County v. Kerr*, 112 Kan. 463, 211 Pac. 128.)

We conclude that the answer filed in this case did not state a defense to the petition and that the demurrer thereto was properly sustained, and therefore the application to open up and set aside the judgment theretofore rendered was properly denied.

The judgment is affirmed.