No. 32,868

E. E. FRIZELL and G. O. COKER (Assignee), *Appellees*, v. THE NORTHERN TRUST COMPANY, OF CHICAGO, ILLINOIS, as Executor, et al. (ANSON MARK, JR., *Appellant*).

(61 P. 2d 1344)

Opinion filed November 7, 1936.

H. O. *Trinkle*, of Garden City, for the appellant.

R. D. *Armstrong* and D. B. *Lang*, both of Scott City, for appellee G. O. Coker.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from an order of the district court refusing to open a judgment rendered on publication service in an action to foreclose a mortgage.

From the record as abstracted the following may be gleaned. Anson Mark owned land in Scott county which he mortgaged to E. E. Frizell in 1925. Anson Mark died testate in Cook county, Illinois, in 1931. Under his will his wife and a daughter were left specific legacies and the residue of his estate was bequeathed to The Northern Trust Company, a corporation, in trust for certain named persons, including Anson Mark, Jr., the appellant here. Default having been made, Frizell brought suit to foreclose his mortgage, the above trustee and the beneficiaries under the trust being made parties defendant. Service was by publication. Default was made and judgment was rendered on February 3, 1933, in favor of plaintiff. The mortgaged real estate was sold to Frizell, who subsequently assigned the sheriff's certificate of purchase to G. O. Coker. He received a sheriff's deed in September, 1934. On May 25, 1935, Anson Mark, Jr., filed his affidavit to open the judgment and his answer to the plaintiff's petition. Upon hearing, the trial court concluded that Anson Mark, Jr., had no actual notice of the pendency of the action in time to appear and defend, but that his application to open the judgment should be denied. Mark appeals.

The statute under which appellant claims the right to open the judgment provides:

"A party against whom a judgment or order has been rendered, without other service than publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; . . ." (R. S. 60-2530.)

His answer neither admits nor denies the execution of the note and mortgage, but requires strict proof; alleges publication notice only, which he never received, and that he had no notice or knowledge of the pendency of the action until execution of the sheriff's deed to G. O. Coker; that the value of the mortgaged land was in excess of the first lien thereon, and had he known of the pendency

of the action, he would have paid off the indebtedness to plaintiffs and all costs of the action and prevented sale of the land under the foreclosure decree. Tender is made to the court of the full amount of the indebtedness and costs, and it is alleged that the land was conveyed by sheriff's deed to G. O. Coker in September, 1934, and that he is not a purchaser in good faith. There is no allegation that Anson Mark, Jr., had any interest in the mortgaged real estate, nor is there any allegation that The Northern Trust Company, in whom the title was vested under the will of the mortgagor, had no knowledge of the pendency of the action.

The court concluded that this answer did not present a full defense as required by the provisions of R. S. 60-2530, and that is the question presented in this appeal.

Appellant concedes that the answer does not present a defense which, if true, would have the effect of defeating the plaintiff's claim in whole or in part, but contends that if it had been filed in time, it would have stopped all further proceedings on plaintiff's petition and prevented foreclosure of the land. A liberal construction of the statute is urged, citing cases to the effect that every party ought to have his day in court and one who had no knowledge of the proceedings should be granted a hearing. (See *Albright v. Warkentin*, 31 Kan. 442, 2 Pac. 614; *Williams v. Kiowa County*, 74 Kan. 693, 88 Pac. 70; *Wyandotte County Comm'rs v. Axtell*, 134 Kan. 304, 5 P. 2d 1078; and *Withers v. Miller*, 140 Kan. 123, 34 P. 2d 110.)

While it has been held that anyone whose rights are affected by a judgment rendered without service other than by publication is entitled to have the judgment opened up when he complies with the statutory provisions, whether or not he was named as defendant in the action, yet compliance with such provisions is essential. A full answer is required, and an examination of the answer in this case discloses that it fails to plead ownership or interest in the property under foreclosure or any defense to the petition, and that it is not an answer under R. S. 60-710. There is no denial of execution of the note and mortgage and the pleading is somewhat similar to that in the recent case of *Oakland State Bank v. Bolin*, 141 Kan. 753, 43 P. 2d 702, wherein the statements were held to be good allegations in an action for an accounting, but they did not meet the allegations of the petition. In the syllabus it was stated:

"The answer required by R. S. 60-2530 to be filed with the application of

a defendant in a foreclosure action in order to open up and set aside a judgment rendered against him, where he was served only by publication in a newspaper, must be a denial of all or a part of the material allegations of the petition." (Syl. ¶ 1.)

The answer in the case of *Durham v. Moore*, 48 Kan. 135, 29 Pac. 472, was found insufficient, not being a "full answer" required by statute, and a "full answer" was held to mean not wanting in any essential requisite, a meritorious answer. A meritorious defense is one going to the merits, substance or essentials of the case as alleged in the petition, as distinguished from dilatory or technical objections, and what is put forward by the allegations must be such that if sustained by proof it will defeat the cause of action alleged in the petition in whole or in part. (See Black's Law Dictionary defining "defense"; Bouvier's Law Dictionary defining "defence"; 18 C. J. 464; 21 R. C. L. 531.) The answer filed failed to show a meritorious defense to the petition, and the defendant did not comply with the statute.

We conclude the ruling of the district court refusing to open the judgment was correct and its judgment is affirmed.