No. 33,185

THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellee*, v. JOHN FELIX HELDSTAB, *Appellant*, et al.

(64 P. 2d 579)

Opinion filed January 23, 1937.

*O. W. Weber*, of Salina, and *George D. Bischoff*, of Abilene, for the appellant.

*Carl S. Byers*, of Salina, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this foreclosure action was taken by a defendant from the order of the trial court sustaining a demurrer to his answer and cross petition filed in connection with his affidavit showing that a judgment had been rendered against him without other service than publication in a newspaper, the contention of the plaintiff being that the answer and cross petition was not a full answer to the petition as required by R. S. 60-2530 and did not constitute a defense to the petition of the plaintiff.

The affidavit seems to meet the requirements of the above-named statute and to entitle defendant to have the judgment opened up and that he be let in to defend, provided his answer and cross pe-

tition show he has a defense to the plaintiff's cause of action. The answer denies each and every allegation of the petition and the answer and cross petition of his codefendant, George Randecker, which is not wholly consistent with the averments contained in the answer and cross petition of this defendant. The cross petition sets out a conveyance to this defendant made by another defendant of part of the land originally included in the mortgage given to plaintiff by this defendant and other defendants and referred to as an annuity lien or reservation, which land is shown by paragraph 4 of the petition to have been released and no longer included in the mortgage. The cross petition alleged that—

". . . it is necessary for the court to declare, determine and adjudge whether the reservation in said deed constitutes either an equitable or legal mortgage as it is hereinafter set out, and, if it does, whether it is a lien that is prior to that alleged by his said codefendant which this defendant would be entitled to have satisfied second and subject only to the liens of taxes and costs, and, the mortgage of the plaintiff but before the lien of the mortgage set up by said codefendant, George Randecker is satisfied, and, whether its thus adjudication would entitle this defendant as a junior encumbrancer of the plaintiff to the right of redemption allowed by law to defendant as a junior encumbrancer and creditor . . ."

In the second cause of action of defendant's cross petition he alleges that he is the assignee and owner of such equitable mortgage upon the land involved to the extent of $848 against four of his codefendants, naming them, by reason of their failure to pay the annuity provided in such document for four years with interest, which is a lien "subject only to the prior lien of taxes, costs and the lien of the plaintiff, . . . that his lien is superior to that of all codefendants;" that defendant is entitled "to a judgment herein against his codefendants for the amount of said accrued annuity . . . and, the redemption rights aforesaid, subject only to the prior right of said plaintiff, and, the judgment should be opened and so modified and corrected in this cause."

The prayer of the answer and cross petition is in substance as follows:

"WHEREFORE, the defendant prays a declaratory judgment interpreting the deed by him herein set out, and, the import, meaning and effect, and the equitable and legal character of the reservation herein set out; . . . he may have a judgment against his codefendants (naming four of them) for the sum of $800, and, that all defaulting defendants be barred from any interest, and, such lien be adjudged prior to that claimed by his said codefendant, George Randecker . . ."

Defendant further prays for an opportunity to bid at the sale and to redeem as a junior creditor.

Appellant insists that this answer and cross petition is a full and sufficient answer as required by the statute, and argues that a defense to a suit in foreclosure of a mortgage on land does not necessarily require the filing of an answer traversing the issues raised in the plaintiff's petition; that a claim against codefendants reduced to judgment so as to give him a junior lien and the right to bid at the sale and to redeem would be sufficient even if he assented to all the averments of the plaintiff. It is often the case that a defendant in his answer filed in the regular progress of the case may not join issue with the plaintiff, but asserts his superior rights to those of his codefendants in the matter involved. But that is not a full answer .where the object is to open up and set aside a judgment already rendered in favor of the plaintiff. It would seem to be inconsistent to go through the form of opening up the judgment and setting it aside where the defendant assented to and approved all the averments of the petition on which it was based.

Appellant cites R. S. 60-3012, which requires that the court shall first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense. The defendant is not making his application to open up the judgment under article 30, but under article 25. However, all that is here involved is the preliminary matter of opening up the judgment. The trial of the cause of action is a subsequent matter if the judgment should be opened up.

The statute requires that before it can be opened up there must be filed "a full answer to the petition." Is the answer and cross petition here filed a full answer to the petition?

Appellant cites *Martens v. Green*, 113 Kan. 142, 213 Pac. 642, where it was said in the opinion that—

". . . A defense to a suit in partition does not necessarily mean the filing of an answer traversing the issues raised in a plaintiff's petition. Defendants in partition may very well assent to all the plaintiff's averments, and yet have vital interests to protect, that is, to defend at every step in the proceedings." (p. 145.)

However, it is well to note that this was a partition suit, which differs in many respects from a mortgage foreclosure action, and while this application was made under the same section as that in the case at bar, it was said in the opinion to be also properly under the statute authorizing the setting aside of judgments for irregular-

ities in obtaining the same. It was also noted in the syllabus and opinion that the application in that case was made at the same term of court in which the judgment was rendered and because of irregularities in the proceedings, including a false statement in the affidavit for service by publication.

In *Williams v. Kiowa County*, 74 Kan. 693, 88 Pac. 70, which was an action in relation to the collection of delinquent taxes on real estate, it was held:

"An answer filed in connection with an application to open a judgment rendered without other service than by publication must be full and complete as a pleading by the defendant in the cause. It need not present a defense coextensive with the entire demand, or with every demand, of the petition, but whatever defense it proposes must be complete and perfect in the sense of fully overcoming the portions of the plaintiff's claim against which it is directed; and it must subvert sufficient of the cause of action set forth in the petition to make it worthy of consideration in the doing of substantial justice between the parties." (Syl. ¶ 1.)

Another tax lien case in which a defendant sought to open up a judgment rendered therein was *Wyandotte County v. Kerr*, 112 Kan. 463, 211 Pac. 128, in which it was said:

"Nothing was alleged that would have defeated the foreclosure action or any part of the taxes on which that action was based or that would have prevented the sale. The answer was not sufficient to compel the trial court to open the judgment and let the hospital and training school defend." (p. 465.)

In *Cox v. Anderson*, 116 Kan. 213, 225 Pac. 1044, which was a rehearing of an application to open up a judgment in a mortgage foreclosure case, it was said:

"A judgment cannot be opened under the statute here involved unless the answer states a defense to a whole or a part of it." (p. 214.)

The case of *Pilsen State Bank v. Riffel*, 137 Kan. 678, 21 P. 2d 348, was a mortgage foreclosure case, and it was there held:

". . . no error transpired in overruling defendants' motion to set aside a default judgment in favor of plaintiff, when that motion did not state or indicate a defense to plaintiff's action." (Syl. ¶ 1.)

In the opinion it was further said:

"Looking further into the contents of defendants' motion, it is difficult to discern a solitary allegation which even looks like a defense to plaintiff's action. And if no substantial defense was pleaded, certainly it was not only proper to overrule the motion but to sustain it would have unjustly hindered the plaintiff in the recovery of its due." (p. 679.)

A recent case along this same line is *Oakland State Bank v. Bolin*, 141 Kan. 753, 43 P. 2d 702, where it was held:

"The answer required by R. S. 60-2530 to be filed with the application of a defendant in a foreclosure action in order to open up and set aside a judgment rendered against him, where he was served only by publication in a newspaper, must be a denial of all or a part of the material allegations of the petition." (Syl. ¶ 1.)

A still more recent decision on this subject is in the case of *Frizell v. Northern Trust Co.*, 144 Kan. 481, 61 P. 2d 1344, where it was held:

"Under R. S. 60-2530, before a judgment in a mortgage foreclosure action rendered on service of summons by publication can be opened, the applicant must not only show by affidavit to the satisfaction of the court that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense, but he must also file a full answer setting up a meritorious defense as to all or a material part of the petition." (Syl. ¶ 1.)

Giving the answer and cross petition the most favorable construction which its language will permit, it states a cause of action against the pleader's codefendants, particularly George Randecker, but nowhere takes issue with the plaintiff upon any of the averments of the petition, and in several places admits his priority of lien and claims subject thereto.

We conclude, therefore, in harmony with the decisions above cited, that the answer and cross petition of appellant was not a full answer to plaintiff's petition and did not state facts sufficient to constitute a defense to the allegations of the petition, and the demurrer of the plaintiff thereto was properly sustained.

The question of merger and other points urged by appellant have been considered and have not been found to change or modify the general rule as above stated.

The judgment is affirmed.