No. 41,261

NATIONAL RESERVE LIFE INSURANCE COMPANY, a Corporation, and MERLE T. HARVEY, *Appellees*, v. BERTHA A. KEMP and LORIN W. KEMP, *Appellants*.

(339 P. 2d 368)

Opinion filed May 16, 1959.

C. H. Morris, of Wichita, argued the cause, and Robert F. Bailey, also of Wichita, was with him on the briefs for appellants.

Ferd E. Evans, Jr., of Wichita, argued the cause, and Lester L. Morris, Verne M. Laing, Ralph R. Brock, J. Edward Taylor, Jr., and Joseph W. Kennedy, all of Wichita, were with him on the briefs for appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is a mortgage foreclosure action wherein the mortgagee foreclosed upon two tracts of real property, covered by a single mortgage, located in both Sedgwick and Cowley Counties. The owner defaulted in making an appearance, and in taking judgment a journal entry with an erroneous provision was submitted by counsel to the trial court pursuant to which judgment was entered on July 17, 1956, ordering, among other things, if the judgment was not paid within three days, the clerk to issue an order of sale "directed to the Sheriff of Sedgwick County, Kansas, and instructing said officer to advertise and sell the above described real property [the two tracts, one in Sedgwick County and one in Cowley County] at sheriff's sale as by law provided."

Appeal has been taken from an order of the Sedgwick County district court, division No. 1, correcting the journal entry in the original foreclosure action nunc pro tunc, and from an order of the Sedgwick County district court, division No. 4, dismissing appellants' motions which were then pending in the district court. The two appeals have been consolidated for presentation to this court.

The underlying question presented is whether, upon the facts and circumstances presented by the record, the judicial foreclosure sale of the real estate in Cowley County by the sheriff of Cowley County pursuant to an order issued by the clerk of the district court of Sedgwick County is void.

The facts pertinent to the issues and *necessary* for a disposition of the appeals are established by the record presented and are not in controversy.

On July 17, 1956, a default judgment was entered in the district court of Sedgwick County against Bertha A. Kemp and Lorin W. Kemp (appellants) foreclosing a single mortgage covering two tracts of land owned by Bertha Kemp, one located in Sedgwick County and the other in Cowley County. Other defendants, not material to this appeal, were represented by counsel in the foreclosure action. The plaintiff (appellee-mortgagee) was the National Reserve Life Insurance Company.

Prior to the date of judgment, counsel for the plaintiff (who is also counsel for the appellee Harvey in the instant case) prepared a proposed journal entry of judgment and submitted it to counsel for the non-defaulting defendants. The proposed journal entry mistakenly purported to order the clerk to issue an order of sale directing the sheriff of Sedgwick County to sell the tracts of land located in both counties. Before it was presented to the court, counsel discovered the error and drew up a corrected journal entry to provide for the sale of the two tracts of land by the sheriffs of the respective counties in which the land was located. Howrver, the journal entry finally presented to the court for his signature and for filing was the one that was originally and mistakenly drawn instead of the corrected one. It was duly signed and filed.

Thereafter, plaintiff filed its praecipe for orders of sale to be issued to the sheriffs of Sedgwick and Cowley Counties directing them to sell the land located in their respective counties. *An order of sale was issued by the clerk of the Sedgwick County district court to the sheriff of Cowley County directing him to sell the land located in that county at foreclosure sale and it was duly sold by him.* The appellant, Lorin W. Kemp, was present at the sale on his own behalf and as agent for Bertha Kemp and made no objection to the sale on the ground of any irregularity, illegality or impropriety. *The sale was later confirmed by the district court of Sedgwick County by order dated the 25th day of September, 1956, wherein it was expressly found that "said sale was conducted in all respects in accordance with law and that the same is completely regular and that said sale should be confirmed."* (Emphasis added.) In such order of confirmation *the sheriff of Cowley County was directed to execute and deliver a certificate of purchase covering the Cowley County land to the purchaser.*

Merle T. Harvey (appellee) was the purchaser of the land at the foreclosure sale and, *following the order of confirmation,* the sheriff of Cowley County issued a certificate of purchase to him dated September 27, 1956. After the eighteen-month period of redemption expired, the sheriff of Cowley County issued a sheriff's deed to Harvey, which deed was recorded on March 31, 1958, in Cowley County.

Thereafter, on April 1, 1958, the appellants filed their "MOTION FOR COURT TO DETERMINE THE CORRECT AMOUNT NECESSARY TO REDEEM AND FOR ORDER PERMITTING THE DEFENDANT, BERTHA A. KEMP, TO REDEEM" and also their "MOTION TO SET ASIDE SALE." On April 11, 1956, Harvey filed his motion for an order dismissing the two above stated motions and orally joined in and adopted the plaintiff's "MOTION FOR ORDER NUNC PRO TUNC CORRECTING JOURNAL ENTRY" which was filed on the same day.

On April 23, 1958, a hearing was held at which evidence was presented on the motion for the *nunc pro tunc* order correcting the journal entry in the Sedgwick County district court, division No. 1. The motion was sustained and appellants duly perfected their first appeal from that order. On June 5, 1958, the motion to dismiss the appellants' two motions was heard in division No. 4 of the Sedgwick County district court and was sustained. Appellants perfected their second appeal from that order.

The first significant judicial event in sequence of time to which our attention has been directed by counsel, after the filing of the erroneous journal entry, is the order of the district court of Sedgwick County confirming the Cowley County sheriff's sale of the Cowley County land to Harvey. We shall therefore consider it first.

It may be conceded that a sale of the land located in Cowley County by the sheriff of Sedgwick County, had the clerk so interpreted the journal entry of judgment and issued such order, would be void and could be set aside at any time. (*Insurance Co. v. Carra,* 101 Kan. 352, 166 Pac. 233.) That, however, is not the situation presented in the instant case. While the journal entry of judgment in the foreclosure action purported to order the clerk of the court to issue an order of sale directing the sheriff of Sedgwick County to sell the land located in both counties, *the sale of the land located in Cowley County was in fact made by the sheriff of Cowley County pursuant to an order issued by the clerk of the*

*court so directing him. This judicial foreclosure sale was later confirmed,* appellee was given a sheriff's certificate of purchase pursuant to a directive from the district court of Sedgwick County and, after the eighteen-month period of redemption had expired, he was given a sheriff's deed to the land which was later recorded. Thus, the question presented is whether the sale of the land located in Cowley County by the sheriff of Cowley County is void so that it could be set aside after the period of redemption had expired, where the proceedings subsequent to the rendition of the "erroneous" judgment conformed to law, and where the foreclosure sale was confirmed by an order of the court.

The court that entered the order of foreclosure and sale of the land, in the absence of allegation or contention to the contrary, must be assumed to have had personal jurisdiction of appellants as well as jurisdiction of the subject matter—the foreclosure of the mortgage on the two tracts of land. ( *Carter v. Hyatt,* 76 Kan. 304, 306, 91 Pac. 61.) Appellants do not contend or even suggest that summons was not served on them or that the court had no jurisdiction over their person. The action was properly brought in Sedgwick County pursuant to G. S. 1957 Supp., 60-502, which provides that an action to foreclose a mortgage on separate tracts of land situated in two or more counties may be brought in any county in which any tract is located. Thus, the appellants were in court or had the opportunity to be in court, which is the same in effect, not only when judgment was entered and the order of sale made, but also when the motion to confirm the sale was heard by the court. Furthermore, appellants were present at the sale and made no objections at that time or at any time before the period of redemption expired.

The order confirming the sale was an adjudication or judicial determination that established the legality of the order of sale as well as the legality of the sale made under it and ratified any of the sale proceedings which the court had the power to order in the first instance. ( *Carter v. Hyatt,* supra; *Catlin v. Deering & Co.,* 102 Kan. 256, 170 Pac. 396; *Thompson v. Burge,* 60 Kan. 549, 555, 57 Pac. 110; *Macy v. Cooper,* 101 Kan. 650, 168 Pac. 874; and *Knox v. Doty,* 81 Kan. 138, 139, 105 Pac. 437.)

The decision herein is controlled by *Carter v. Hyatt,* supra, the legal opinion of which we regard as particularly applicable to the facts herein. It was there said:

"The order confirming the sale and directing the sheriff to make a deed was

an adjudication of all the facts involved in the inquiry, one of which was the issuance of a legal order of sale. In case of a decision adverse to his interest all legal methods of correcting the error were open to him. Should he, then, be allowed to ignore the proceedings of the court, and, years afterward, in a collateral attack, to assert that a fact upon which the order of confirmation was based is false? If the order of confirmation was an adjudication that all the proceedings, including the issuance of the order of sale, were regular and in conformity with law, he cannot in this action be heard to dispute it [the order of sale]. In the opinion in an analogous case, *Cross v. Knox*, 32 Kan. 725, 5 Pac. 38, it was said:

" 'The act of the clerk in issuing the order, and the acts of the sheriff under it, were ministerial, and might have been reached by motion to vacate or set aside; but the order of the court confirming the sale was a judicial act, and is such a final order as can only be reached, and if erroneous, corrected, by proceedings in error . . . We incline to the opinion (but do not decide the question) that a confirmation of the proceedings of a sheriff under an order of sale is a judicial determination that establishes the legality of the order of sale as well as the legality of the sale made under it.' (Page 734.)" (p. 306.)

It was further said in the opinion:

". . . The most that is claimed in the petition is that the sheriff, in making the sale, acted without legal authority. It is not claimed that the court was without jurisdiction or authority. Now, if the sale was really made by the court through its agent, the sheriff, and upon the application to confirm the sale the court found there was no fraud or collusion in the sale itself, and that all the proceedings were regular and in conformity with law and equity, except that technically the sheriff had no authority to proceed to execute the mandate, could not the court, and did it not, by confirming the sale, ratify the unauthorized act of its agent and thus give it validity? . . .

"The weight of authority seems to be that in the absence of fraud or circumstances that might affect substantial rights the court may cure by confirmation any infirmity in the proceedings which it could correct by immediately ordering a new sale. This seems to accord with reason. The plaintiff here had opportunity to know, at the time of the confirmation, the fact upon which he seeks to have the whole proceedings adjudged void . . .

"It seems well established that whether a sale shall be confirmed or set aside is largely a matter of judicial discretion; that the determination thereof is a judicial decision, final unless corrected by appeal or unless wholly void; that the fact upon which the alleged infirmity is based was determined by the court in confirming the sale, and even if the fact were erroneously determined the final order of confirmation is not therefore void." (pp. 309, 310.)

While the alleged infirmity or defect in the proceedings is not the same in the instant case as that in the *Carter* case, the same reasoning is applicable. Appellants do not claim that the court lacked jurisdiction or authority and they had the opportunity, at

the time the sale was confirmed, to know of the facts upon which they seek to have the entire proceedings adjudged void.

The provision in question is included in the journal entry setting forth the judgment in foreclosure in the following paragraph:

"IT IS BY THE COURT FURTHER CONSIDERED, ORDERED, ADJUDGED AND DE-CREED that if the said judgment of the plaintiff be not paid, with interest within three (3) days from the date hereof, *that then an order of sale be issued by the Clerk of this Court* directed to the Sheriff of Sedgwick County, Kansas and instructing said officer *to advertise and sell the above described real property at sheriff's sale as by law provided,* the proceeds of such sale to be applied:"

Reference to the italicized portion of the above paragraph clearly indicates the court ordered the property foreclosed to be sold at sheriff's sale *as by law provided.* Since there were two tracts, one in Sedgwick County and one in Cowley County, the further provision that the order be directed to the sheriff of Sedgwick County was presumably interpreted by the clerk of the court to apply only to the Sedgwick County real property. Obviously, only the sheriff of Cowley County could sell the Cowley County real property if the clerk was to follow the specific direction of the court that the sheriff's sale was to be made *"as by law provided."* (G. S. 1949, 60-3107.)

The order confirming the sale and directing the sheriff of Cowley County to make a deed to Harvey, the purchaser of the Cowley County real property at the sheriff's sale in Cowley County, was an adjudication of all facts involved in the inquiry, one of which was the issuance of a proper order of sale by the clerk of the district court of Sedgwick County to the sheriff of Cowley County to sell the real property in that county. The confirmation of the sale of the Cowley County real property includes a finding that the clerk of the district court of Sedgwick County properly interpreted the court's order in the judgment foreclosing the mortgage, thereby giving effect to correct intention of the order. This is a fact necessarily embraced in the general finding required by G. S. 1949, 60-3463, that "the proceedings [are] regular and in confirmity with law and equity," without which finding the court had no authority to confirm the sale.

Not only did the appellants fail to assert their objections at the time of confirmation but they allowed the entire eighteen-month period of redemption to expire before they asserted any objections to the sale. It follows that the confirmation of the sale cured any

defect caused by the "erroneous" provision in the journal entry and was final. The sale was not void but at best only voidable until confirmed by an order of the court.

Appellants assert that an order of sale in a foreclosure case is a special execution as that term is used in G. S. 1949, 60-3402, citing *Liberty Savings & Loan Ass'n v. Jones,* 143 Kan. 422, 54 P. 2d 937. The opinion cited involved a note secured by a mortgage on both real property and personal property. The proceeds from the sale of the real property were not sufficient to pay the indebtedness, and this left a deficiency to be satisfied by a sale of the personalty. While it must be conceded language used in the opinion is confusing, it specifically stated concerning the issue before the court that the action was "a mortgage foreclosure" and that it was "a judicial sale under supervision of the court, and not a sale under naked statutory power. (*McFall v. Ford,* 133 Kan. 593, 604, 1 P. 2d 273.)" The opinion in the *McFall* case stated:

". . . The sale is a judicial sale, made by the court, by one who acts substantially as agent of the court, and not under naked statutory power . . ." (p. 604.)

The question appellants assert was specifically treated in *Carter v. Hyatt,* supra, where the court stated that a mortgage foreclosure sale was not an execution sale, in the proper sense of the term, but was a judicial sale, citing *Norton v. Reardon,* 67 Kan. 302, 72 Pac. 861, 100 Am. St. Rep. 459, as a case illuminating the distinction. Both the *Carter* and the *Norton* cases quoted Freeman on Void Judicial Sales [4th Ed.], § 1, giving the distinction between judicial and execution sales. Freeman states:

". . . Execution sales are not judicial. They must, it is true, be supported by a judgment, decree or order. But the judgment is not for the sale of any specific property. It is only for the recovery of a designated sum of money. The court gives no directions, and can give none concerning what property shall be levied upon. It usually has no control over the sale beyond setting it aside for non-compliance with the directions of the statutes of the State. The chief differences between execution and judicial sales are these: the former are based on a general judgment for so much money, the latter on an order to sell specific property; the former are conducted by an officer of the law in pursuance of the directions of a statute, the latter are made *by the agent of a court in pursuance of the directions of the court;* in the former the sheriff is the vendor, in the latter *the court;* in the former the sale is usually complete when the property is struck off to the highest bidder, in the latter it must be reported to and approved by the court." (Emphasis added.) (pp. 2, 3.)

Under our own statutes, however, all sales of real estate, either

on execution or on order of sale, must be confirmed by the court before a deed is issued. (G. S. 1949, 60-3463.) The importance of the distinction in the instant case is that we have a judicial foreclosure sale, one in which the court is the vendor and the sheriff, who made the sale, merely the agent of the court.

The court in the first instance had not only the power and authority to direct the sheriff of Cowley County to sell the land located in such county, but by the provisions of 60-3107, *supra*, he was the only sheriff who could make a valid sale of the land there. The clerk of the Sedgwick County district court in issuing the order it did is presumed to have so construed the journal entry since that is the order it issued. But, if it can be said the sheriff of Cowley County had no authority of the court to make the sale of the land in Cowley County, the court by confirming the sale, ratified the unauthorized act of its agent and thus gave it validity. The record in the instant case discloses no fraud or collusion or circumstances that might affect substantial rights of the appellants.

It is settled law when a mortgage on real property is foreclosed, and the property is sold and the sale confirmed, such confirmation is *res judicata* and becomes a final and binding judgment of the court, subject only to the right of appeal, which cannot be collaterally attacked after the time for appeal has passed and after the term of court has changed, except in accordance with the civil code. (G. S. 1949, 60-3007, *et seq.*; *Carter v. Hyatt*, supra; and *Moore v. McPherson*, 106 Kan. 268, 187 Pac. 884.)

If the appellants here seek to set aside the sale after the term at which the judgment of confirmation was rendered by attacking the judgment in foreclosure, they have not complied with the code of civil procedure, which requires them to allege and prove a valid defense to the action involving the indebtedness upon which the judgment *in rem* was rendered and the sale had. (G. S. 1949, 60-3013; *Fitzhugh v. Central Trust Co.*, 146 Kan. 585, 72 P. 2d 959; *Pilsen State Bank v. Riffel*, 137 Kan. 678, 21 P. 2d 348; and *Cox v. Anderson*, 116 Kan. 213, 225 Pac. 1044.) This they have not done. Here they seek by an appeal from a *nunc pro tunc* order and by motions filed after the eighteen-month period of redemption has expired and sheriff's deed issued to set aside the sale by a collateral attack. Neither the appellants' "MOTION TO SET ASIDE SALE" nor the "MOTION FOR COURT TO DETERMINE THE CORRECT AMOUNT NECESSARY TO REDEEM AND FOR ORDER PERMITTING THE DEFENDANT, BERTHA A.

KEMP, TO REDEEM" alleges that the appellants had or have "a valid defense to the action on which the judgment is rendered." (G. S. 1949, 60-3013.)

However, compliance with 60-3013, *supra*, is not a condition precedent to setting aside a judgment when the judgment attacked is absolutely void. (G. S. 1949, 60-3009; *Taylor v. Focks Drilling & Mfg. Corp.*, 144 Kan. 626, 62 P. 2d 903; and *Hanson v. Wolcott*, 19 Kan. 207.) The basis of such holdings is lack of jurisdiction over the parties or of the subject matter. In *Griggs v. Hanson*, 86 Kan. 632, 121 Pac. 1094, it is said:

". . . Since the court had jurisdiction of the parties and of the subject matter it is hornbook law that, however wrong the result of the proceeding may be, missteps occurring in the course of it constitute irregularities and errors in procedure only, and they can not be conjured into anything graver by the use of impressive and high sounding characterizations." (p. 636.)

No attack is made upon the sale in the instant case on the ground that the district court did not have jurisdiction over the person of the appellants or of the subject matter. (*Carter v. Hyatt*, supra.)

In view of what has heretofore been said it is immaterial to determine whether the district court of Sedgwick County, division No. 1, properly entered an order correcting the journal entry of judgment *nunc pro tunc*, since the defect had already been cured, and even though the issues raised on appeal should be determined affirmatively for the appellants it would avail them naught.

Further, the district court of Sedgwick County, division No. 4, had no authority to hear the appellants' two motions attempting a collateral attack upon the "order of sale and all proceedings in connection therewith" and properly sustained the motion to dismiss them.

The appeal from division No. 1 of the district court of Sedgwick County is dismissed, and the judgment of the district court of Sedgwick County, division No. 4, dismissing appellants' motions is affirmed.